UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 21-cv-09605-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

## INTRODUCTION

The plaintiff is a 2021 medical school graduate who applied to residency programs in 2019 and 2020 but did not obtain a residency placement.[1] The defendant, the Regents of the University of California, operated the medical school.[2] The plaintiff claims violations of both federal and state law: age discrimination under the federal Age Discrimination Act of 1975 (claim one); age and disability discrimination, harassment, retaliation, and failure to prevent discrimination and retaliation under California's Fair Employment and Housing Act (FEHA) (claims two through six); and whistleblower retaliation under California Health and Safety Code § 1278.5 (claim seven).[3]

---

[1] Compl. – ECF No. 1 (¶¶ 20, 34, 49, 55–56). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. (¶¶ 7, 10).

[3] *Id*. (¶¶ 64–138).

ORDER – No. 21-cv-09605-LB

The defendant moved to dismiss claims one, two, and four and moved to strike the prayer for damages for claim one (on the ground that the Act does not provide for damages) and several allegations that the plaintiff is part of a protected class because he would have turned 40 during his medical residency.[4] The court dismisses claim one with leave to amend for failure to sufficiently allege administrative exhaustion, but dismisses the claim for monetary damages under the Age Discrimination Act without leave to amend because such damages are not recoverable under the Act. The FEHA claims, however, survive (assuming federal-question jurisdiction exists) because the plaintiff plausibly pled FEHA claims based on the perception that the plaintiff was at least 40 years old. The court thus denies the motion to strike the allegations, which support the FEHA claims and in any event are not within the categories that the court may strike under Rule 12(f).

**STATEMENT**

The plaintiff is 38 years old and has suffered from auditory dyslexia since childhood.[5] He earned Bachelor and Master of Science degrees in 2005, obtained his Ph.D. in 2015, and graduated from medical school in 2021.[6] He applied for, but was not accepted to, a residency in his preferred areas of specialization in 2019 and 2020.[7] He participated in the Supplemental Offer and Acceptance Program, a program for medical students who do not match with residency positions, by applying for 45 positions (the maximum), including all local unfilled surgical positions in 2020 and 2021. Again, he was not selected for any position.[8]

The plaintiff claims that his failure to secure a residency position (including through the Supplemental Offer and Acceptance Program) was discrimination based on age and disability, shown by comments by the defendant's employees or agents.[9] For example, in 2018, a course

---

[4] Mot. – ECF No. 8 at 7–14.
[5] Compl. – ECF No. 1 (¶¶ 6, 14).
[6] *Id*. (¶¶ 13, 15–16).
[7] *Id*. (¶¶ 6, 24, 34, 49, 56).
[8] *Id*. (¶¶ 49, 56).
[9] *Id*. (¶¶ 69–70).

1    director ("Doctor Alpha") said at a third-year orientation that the plaintiff "is old as shit and won't
2    be able to take overnight call."[10] In February, 2020, a physician and associate professor told the
3    plaintiff, "so, when you're done with residency, they can roll you right into the nursing home."[11]
4    To account for the possibility that he may not have been a good medical student, the plaintiff
5    alleges that his academic record includes academic distinctions, publication in numerous academic
6    journals, and prestigious fellowships.[12]

7    The complaint does not identify the medical school by name, but — given that the defendant
8    allegedly was the plaintiff's "educator and prospective employer," and the defendant's reply
9    references "UCSF" — the medical school is the University of California, San Francisco.[13]

10   With respect to the Age Discrimination Act claim, the plaintiff alleged that he exhausted his
11   administrative remedies by submitting administrative complaints pursuant to the Age
12   Discrimination Act of 1975 to the United States Department of Health and Human Services,
13   Office for Civil Rights, on March 25, 2021, and another complaint to the United States
14   Department of Education, Office for Civil Rights, on April 22, 2021, before filing this complaint
15   on December 13, 2021.[14]

16   The court held a hearing on the defendant's motion to dismiss on February 17, 2022. The court
17   has federal-question jurisdiction under the Age Discrimination Act of 1975 and supplemental
18   jurisdiction over the plaintiff's state-law claims under 28 U.S.C. § 1367. The parties consented to
19   magistrate-judge jurisdiction under 28 U.S.C. § 636.[15]

---

[10] *Id.* (¶ 32).
[11] *Id.* (¶ 48).
[12] *Id.* (¶¶ 15–23).
[13] *Id.* (¶ 10); Reply – ECF No. 15 at 8.
[14] Compl. – ECF No. 1 (¶ 66).
[15] Consents – ECF Nos. 12, 13.

# STANDARD OF REVIEW

**1. Motion to Dismiss — Rule 12(b)(6)**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to be plausible, and not the facts themselves." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556 U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

**2. Motion to Strike — Rule 12(f)**

The court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (cleaned up). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id*. "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12-cv-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

**ANALYSIS**

The defendant contends that the plaintiff's claim under the Age Discrimination Act (claim one) is partly barred because the plaintiff did not file a complaint with the United States Department of Education, Office for Civil Rights, within 180 days from the date he first became aware of the discrimination. (This would bar the complaint's allegations about age-related conduct that occurred before October 24, 2020, 180 days before the April 22, 2021, filing date.)[16] Also, the defendant contends that damages for claim one are not available under the Age Discrimination Act. Regarding its challenges to the FEHA claims (claims two and four), the defendant contends that the claims are barred because (1) the plaintiff is not 40 (claim two), and (2) the claim of harassment (claim four) is

---

[16] Mot. – ECF No. 8 at 7; Compl. – ECF No. 1 (¶¶ 31–32, 35, 37, 40, 43, 45–46, 48, 53).

barred by the statute of limitations, and in any event, the alleged harassment is not severe or pervasive.[17]

The plaintiff counters that (1) the Office for Civil Rights reviewed his complaint and did not exclude evidence outside the 180-day window, (2) the Age Discrimination Act does not foreclose damages, and damages can be implied under Title VI of the Civil Rights Act of 1964 and Title IX of the Education Act of 1972, (3) FEHA prohibits age discrimination if an employer believes that the employee was 40 years old or older, and (4) the plaintiff sufficiently alleged severe and pervasive conduct.[18]

The court dismisses claim one: the plaintiff did not sufficiently allege administrative exhaustion, and damages are not recoverable. As to claims two and four, if there is federal-question jurisdiction, then the FEHA claims survive based on the allegations that the defendant perceived that the plaintiff was at least age 40. The court denies the motion to strike allegations in the complaint because they are not strikable under Rule 12(f).

**1. Age Discrimination Act**

There are two issues: (1) whether alleged misconduct is barred because it occurred more than 180 days before the filing of the administrative complaint, and (2) whether damages are recoverable under the Act.[19] The plaintiff did not allege exhaustion, and damages are not recoverable.

The Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102.

---

[17] Mot. – ECF No. 8 at 9, 11–13.

[18] Opp'n – ECF No. 14.

[19] Mot. – ECF No. 8 at 7–8; Reply – ECF No. 15 at 5–10.

### 1.1 Timeliness and Administrative Exhaustion

Under the Act, "[n]o action . . . shall be brought . . . if administrative remedies have not been exhausted."). 42 U.S.C. § 6104(e)(2). A plaintiff must provide notice to "to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed" by registered mail at least 30 days prior to the commencement of the action. *Id.* § 6104(e)(1).

A claim is exhausted when (1) 180 days have passed since the plaintiff filed the administrative complaint with a federal department or agency or (2) when the department or agency denies the claim, whichever occurs first. *Id.* § 6104(f). The administrative agency may extend the 180-day window for good cause. 34 C.F.R. § 110.39, 110.31(a) (defining administrative exhaustion for complaints made to the U.S. Department of Education and providing for good-cause extension); 45 C.F.R. § 91.50, 91.42(a) (defining administrative exhaustion for complaints made to the U.S. Department of Health and Human Services and providing for good-cause extension). The court may dismiss Age Discrimination Act claims where the plaintiff has not complied with the administrative-exhaustion requirements. *See, e.g.*, *DMC Closure Aversion Comm. v. Goia*, No. 14-cv-03636-WHO, 2014 WL 4446831, at *11 (N.D. Cal. Aug. 29, 2014).

The defendant cites out-of-district cases — *Storman v. Alta Regional Center*, *Grant v. Alperovich*, and *Kamps v. Baylor University* — to support its position that the court should dismiss the plaintiff's claims for being untimely. In *Storman*, the court dismissed a claim under the Age Discrimination Act because the plaintiff failed to allege "compliance with the exhaustion requirement." No. 2:20-cv-0907-KJM-CKD PS, 2021 WL 4690726, at *6 (E.D. Cal. Oct. 7, 2021). In *Grant*, the court dismissed the plaintiff's Age Discrimination Act claim on a motion for summary judgment where, in addition to failing to satisfy the 180-day time limit, the plaintiff failed to submit the administrative complaint to the appropriate agency and failed to notify the "Secretary of Health and Human Services, the United States Attorney General, or Defendants at least 30 days prior to filing" the lawsuit as required by the applicable regulations. 993 F. Supp. 2d 1356, 1365–66 (W.D. Wash. 2014). Finally, in *Kamps*, the Fifth Circuit affirmed a dismissal of an Age Discrimination Act claim because the plaintiff waited over a year to file an administrative

complaint after the allegedly discriminatory admissions decision, despite the 180-day window provided by 34 C.F.R. § 110.31(a). 592 F. App'x 282, 284–85, 287 (5th Cir. 2014).

Similarly, in *Strujan v. Teachers College Columbia University*, the court found that the plaintiff failed to exhaust administrative remedies and dismissed an Age Discrimination Act claim where the plaintiff admitted that she did not file the complaint within 180 days of the allegedly discriminatory conduct. No. 08 Civ. 9589(WHP)(HBP), 2010 WL 3466301, at *6–8, 13 (S.D.N.Y. Aug. 11, 2010), *R. & R. adopted*, No. 08 Civ. 9589(WHP)(HBP), 2010 WL 3466251 (S.D.N.Y. Sept. 3, 2010). In that case, the plaintiff argued that the defendant's failure to respond to her correspondence was itself discriminatory and continued until a more recent date. *Id.* at *7. The court rejected this argument primarily because the administrative agency had also considered and rejected the plaintiff's request for an extension of the 180-day window. *Id.* at *7–8. The decisions in *Strujan* and *Kamps* relied on the Supreme Court's decision in *Woodford v. Ngo*. In that case, the Court held that the Prison Litigation Reform Act required "proper exhaustion" of administrative penalties and stated that proper exhaustion "means using all steps that the agency holds out, and doing so *properly*." 548 U.S. 81, 90 (2006).

Here, the plaintiff alleges that he submitted age-discrimination administrative complaints "to the U.S. Department of Education Office for Civil Rights" on April 22, 2021 and to the "U.S. Department of Health and Human Services Office for Civil Rights" on March 25, 2021. The plaintiff then alleges that "[o]n or about October 26, 2021, after the administrative complaints were exhausted and pursuant to 42 U.S.C. § 6104(e), Plaintiff duly provided notice to the Secretary of Health and Human Services, the Attorney General of the United States, and the Regents of the University of California."[20] These are conclusory allegations that do not adequately allege exhaustion of administrative remedies.

For example, the complaint does not describe how the administrative agencies responded to the complaints. Nonetheless, the plaintiff asserted in his opposition that the U.S. Department of Health and Human Services Office for Civil Rights "decided not to exclude evidence prior to 180

---

[20] Compl. – ECF No. 1 (¶ 66).

days preceding" the plaintiff's March 25, 2021 submission.[21] The administrative agency's apparent extension of the 180-day time limit suggests that the plaintiff may be able to adequately plead proper exhaustion of administrative remedies, but the current allegations fall short.

While the plaintiff's allegations as currently pled are insufficient to establish a claim under the Age Discrimination Act it appears — based on the plaintiff's opposition — that amendment would not be futile. Thus, the court dismisses the plaintiff's Age Discrimination Act based on the failure to exhaust administrative remedies without prejudice.

### 1.2    Damages

The defendant also asks the court to dismiss or strike the prayer for monetary damages under the Age Discrimination Act on the ground that monetary damages are unavailable as a matter of law and therefore "immaterial" pursuant to Rule 12(f).[22] The plaintiff counters that damages may be available against organization defendants based on decisions applying Title VI of the Civil Rights Act of 1964 and Title IX of the Education Act of 1972.[23]

"Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone, Inc.*, 618 F.3d at 974–75; *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 WL 1632697, at *22 (N.D. Cal. Apr. 16, 2013) ("[A] motion to strike is not a proper vehicle for seeking dismissal of a claim for damages under *Whittlestone*[ ]"); *see also Hyp3r Inc. v. Mogimo Inc.*, No. 17-cv-02977-JSW, 2017 WL 11515712, at *3 n.2 (N.D. Cal. Nov. 8, 2017) (a request to strike damages claims under Rule 12(f) "was frivolous as a matter of law"). Courts in this district have, however, dismissed claims for monetary relief that were barred as a matter of law under Rule 12(b)(6). *Hyp3r Inc.*, 2017 WL 11515712, at *3 ("[T]he Court concludes that Plaintiff's Rule 12(b)(6) motion is an appropriate vehicle for challenging the relief requested by Defendant in its Counterclaim").

---

[21] Opp'n – ECF No. 14 at 10.
[22] Mot. – ECF No. 8 at 8.
[23] Opp'n – ECF No. 14 at 11–16.

ORDER – No. 21-cv-09605-LB                        9

The Act provides for an action to "enjoin a violation of this Act by any program or activity receiving Federal financial assistance" and for the recovery of "reasonable attorney's fees" and costs. 42 U.S.C. § 6104(e)(1). It does not provide for monetary damages as a remedy. Several courts have held that monetary damages are not available under the Age Discrimination Act. *Steshenko v. Gayrard,* 44 F. Supp. 3d 941, 952 (N.D. Cal. 2014) (holding "that the [Age Discrimination Act] does not authorize recovery for money damages."); *Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014) (same); *Rasmussen v. California DMV*, No. CV 08-1604-FMC (PLA), 2008 WL 5274611, at *4 n.3 (C.D. Cal. Dec. 17, 2008) ("Because plaintiff seeks only monetary damages [under the Age Discrimination Act] . . . plaintiff cannot maintain such a claim against any defendant."), *aff'd*, 372 F. App'x 789 (9th Cir. 2010); *Dewey v. Regents of the Univ. of California*, No. 2:18-cv-3235-MCE-EFB PS, 2020 WL 5702126, at *2 (E.D. Cal. Sept. 24, 2020) ("[t]he Age Discrimination Act only permits a plaintiff to obtain injunctive relief and does not allow for the recovery of monetary damage[ ]" where the defendants included the Regents of the University of California), *R. & R. adopted*, 2020 WL 6544310 (E.D. Cal. Nov. 6, 2020), *appeal dismissed*, No. 20-17407, 2021 WL 2368119 (9th Cir. Mar. 12, 2021); *Montalvo-Padilla v. Univ. of P.R.*, 498 F. Supp. 2d 464, 467 n.3 (D.P.R. 2007) ("[E]ven if Plaintiffs had a viable [Age Discrimination Act] claim, they could not recover monetary damages thereunder."); *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001) ("Nothing in the language, structure or legislative history of the [Age Discrimination Act] supports the inference that Congress intended to create a private right of action for monetary damages.").

The plaintiff argues — based on comparisons to the Civil Rights Act of 1964 and the Education Act of 1972 — that the availability of monetary damages is implied.[24] The plaintiff does not, however, cite any decisions holding that monetary damages are available under the Age Discrimination Act.[25] The plaintiff also contends that because the *Albee* court stated that "plaintiff may not seek monetary damages from individual defendants," monetary damages may still be

---

[24] Opp'n – ECF No. 14 at 11–16.

[25] *Id.*

available against the organization defendant here (the Regents of the University of California) because the decision "is silent as to monetary damages relating to a 'program or activity.'"[26] This argument is not convincing. The *Albee* court determined earlier in the decision that the Eleventh Amendment provided immunity to the organization defendant (*i.e.*, Board of Trustees of the California State University) and thus did not consider the issue of damages against that defendant. 42 F. Supp. 3d at 1289. Nothing in *Albee* suggests any meaningful difference between individual and organizational defendants concerning the availability of monetary damages. Moreover, other courts have held without qualification that "the [Age Discrimination Act] does not authorize recovery for money damages." *See, e.g.*, *Gayrard*, 44 F. Supp. 3d at 952.

The court follows the weight of authority that damages are not available under the Act and dismisses the claim for damages with prejudice.

### 2. FEHA Claims

The defendant moved to dismiss the FEHA claims for age discrimination and harassment (claims two and four) on the grounds that (1) some of the alleged discriminatory conduct is time-barred, (2) for the age-discrimination claim, the plaintiff was not age 40 years old or older, and (3) for the harassment claim, the alleged conduct was not "severe or pervasive."[27] The court denies the motion because the plaintiff plausibly pleads both claims.

#### 2.1  Timing of Complaint

To sue under the Fair Employment and Housing Act, the plaintiff must first file a complaint with the California Department of Fair Employment and Housing. *Horn v. Safeway Inc.*, No. 19-cv-02488-JCS, 2021 WL 1817086, at *4 (N.D. Cal. May 6, 2021); *see also Pollock v. Tri-Modal Distrib. Servs., Inc.*, 11 Cal. 5th 918, 931 (2021) ("At the time [2017] of the alleged misconduct, the [Fair Employment and Housing Act] provided that no administrative complaint alleging a violation of its provisions could be filed with the [California Department of Fair Employment and

---

[26] *Id.* at 12.

[27] Mot. – ECF No. 8 at 7–10, 12–13.

ORDER – No. 21-cv-09605-LB                    11

Housing] 'after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred.'"). Effective January 1, 2020, California amended the law by changing the one-year limitations period to three-years. Cal. Gov't Code § 12960(e)(3); A.B. 9, 2019-2020, Reg. Sess. (Cal. 2019); *Pollock*, 11 Cal. 5th at 931 ("The current statute uses virtually identical language but allows for a period of three years."); *Streets v. Space Sys./Loral, LLC*, No. 20-cv-07901-EJD, 2021 WL 4146962, at *4 (N.D. Cal. Sept. 13, 2021) ("As of January 1, 2020, the time to file a charge with the [Department of Fair Employment and Housing] for an alleged [Fair Employment and Housing Act] violation was extended to three years.").

Unless the alleged illegal conduct was ongoing under the "continuing violation" doctrine, conduct that occurred outside the applicable statutory period cannot be used to establish a claim. *Horn*, 2021 WL 1817086, at *10. If the plaintiff proves a continuing violation (*i.e.*, a pattern of discrimination or harassment), then the statute of limitation period begins to run only (1) "when the course of conduct is brought to an end" (*i.e.*, when the employee resigns or is terminated) or (2) when the employer affirmatively denies relief from harassment. *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 823 (2001). Regarding the relevant time for determining which limitations period is applicable, some courts have used the time when the plaintiff filed an administrative complaint with the California Department of Fair Employment and Housing, and some courts have used the time of the alleged misconduct. *Compare Horn*, 2021 WL 1817086, at *4 ("At the time Horn filed her DFEH/EEOC Charge, on May 9, 2017, the time allowed to file a complaint with the DFEH was one year from the alleged unlawful conduct."), *with Pollock*, 11 Cal. 5th at 931 ("At the time of the alleged misconduct here [the limitations period was one year.]").

Given this background, the defendant has not established that the plaintiff's FEHA claims are time-barred. The complaint does not allege when the plaintiff filed complaints with the California Department of Fair Employment and Housing, but it does allege that he received right-to-sue letters from the Department "[o]n or about December 14, 2020 and April 1, 2021."[28] Because right-to-sue letters are to be sent within 150 days after an administrative complaint is filed, it

---

[28] Compl. – ECF No. 1 (¶ 63).

appears that the plaintiff filed complaints with the Department on approximately July 17, 2020 and November 2, 2020. Cal. Gov't Code § 12965(c)(1)(A).

Assuming that the three-year limitations period that became effective on January 1, 2020 applies, then conduct back to July 2017 falls within the applicable limitations period. This includes the October 2017 comments concerning the plaintiff's "dyslexic speech pattern," which the defendant conceded "might be considered verbally harassing."[29] It includes age-related comments between 2017 and 2021 that the defendant contends are time barred under the federal Age Discrimination Act. Additionally, even if the one-year limitation period applied, the plaintiff may be able to establish that much of the conduct was part of a continuing violation. Because the court must construe the allegations in the light most favorable to the plaintiff at the pleadings stage, and at least some age-related and harassing comments do not appear to be time barred, the court does not dismiss the age or disability harassment claim as time-barred.

### 2.2 Age-Discrimination Claim

To maintain a claim for discrimination under FEHA, the plaintiff must establish that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he experienced an adverse employment action, and (4) similarly situated individuals outside the protected class "were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Fitch v. S.F. Unified Sch. Dist.*, No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015). FEHA, among other things, protects job applicants from being denied employment due to their age. Cal. Gov't Code § 12900, *et seq.* The term "age" means "chronological age of any individual who has reached a 40th birthday." Cal. Gov't Code § 12926(b). The term "age," however, also "includes a perception that the person has any of those characteristics" (meaning, "age" includes those who are perceived to be at least 40 years old). *Id.* § 12926(o) ("Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, age, sexual orientation, or veteran or military status includes a perception that the person has any of those characteristics or

---

[29] *Id.* (¶ 31); Mot. – ECF No. 8 at 12.

that the person is associated with a person who has, or is perceived to have, any of those characteristics.").

When considering whether comments indicate a discriminatory motive, the following four elements are relevant: "(1) whether the comment is ambiguous as an indicator of discriminatory animus, (2) whether the comment is uttered by a decisionmaker (i.e., a person responsible for one of the adverse employment decisions at issue), (3) whether the comment is related in time and subject matter to the decisional process[,] and (4) whether there are multiple comments or only a single statement." *Marques v. Bank of Am.*, 59 F. Supp. 2d 1005, 1019 (N.D. Cal. 1999) (considering age discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act), *aff'd*, 5 F. App'x 763 (9th Cir. 2001); *see Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA."), *abrogated on other grounds by Nat'l Ass'n of African Am.-Owned Media v. Charter Commc'ns, Inc.*, 915 F.3d 617 (9th Cir. 2019).

The complaint alleges that individuals with apparent responsibility for employment decisions made age-related comments while the plaintiff was under consideration for residency and the Supplemental Offer and Acceptance Program. The chief resident ("Doctor Theta") at the residency program (that the plaintiff applied to in 2019) perceived him to be 40 years old.[30] The physician ("Doctor Alpha") who coordinated with students regarding the Supplemental Offer and Acceptance Program said that the plaintiff "is old as shit and won't be able to take overnight call."[31] An associate professor ("Doctor Iota") in the plaintiff's proposed area of specialization said that when the plaintiff was "done with residency, they can roll you right into the nursing home."[32] The plaintiff also alleged that his medical school "selected other, less-qualified and/or less-experienced candidates for [unfilled surgical positions listed by his medical school]" and that a professor told the plaintiff that his "age and 'slowness'" were discussed as part of his residency application evaluation.[33]

---

[30] Compl. – ECF No. 1 (¶ 48).

[31] *Id.* (¶ 32).

[32] *Id.* (¶ 48).

[33] *Id.* (¶¶ 45, 56).

ORDER – No. 21-cv-09605-LB               14

1   These allegations are sufficient to establish a plausible claim for age discrimination under the
2   FEHA on the basis that the defendant perceived the plaintiff to be at least 40 years old. For
3   example, in *Roughgarden v. YottaMark, Inc.*, the court held that allegations that employees who
4   were "older than forty-five, were terminated and replaced by younger employees, and that [the
5   defendant] has a youth-oriented policy designed to reduce its number of older employees . . . are
6   sufficient to 'nudge' his claim of age discrimination 'across the line from conceivable to
7   plausible[.]'" No. 5:10-CV-04098 JF (PSG), 2011 WL 856279, at *2 (N.D. Cal. Mar. 9, 2011)
8   (cleaned up). The plaintiff describes direct references to age made in the context of employment
9   decisions. *Cf. Cozzi v. Cnty. of Marin*, 787 F. Supp. 2d 1047, 1059 (N.D. Cal. 2011) (finding that
10  "the comment about wanting 'fresh faces' does not lead to the inescapable conclusion that [the
11  defendant] wanted younger faces" before granting motion for summary judgment in favor of the
12  defendants on the plaintiff's FEHA age-discrimination claim); *Bender v. Bank of Am.*, No. C 09-
13  129 SI, 2010 WL 2528528, at *7 (N.D. Cal. June 18, 2010) (comment that the plaintiff "lacked
14  energy" did not raise an inference of age discrimination because it did "not refer to plaintiff's age,
15  and there is no evidence that this comment was connected in any way to Bender's termination").

16  The defendant's argument — because the plaintiff corrected any perception that he was 40
17  years old or older, he cannot maintain an age discrimination claim — does not militate in favor of
18  a different conclusion.[34] Although the defendant's application presumably stated his actual age,
19  and the plaintiff did tell Doctors Iota and Theta that he was 36, there is no basis at the pleadings
20  stage to conclude that all decisionmakers knew the plaintiff's actual age.[35]

21  That said, there are inconsistencies in the complaint. The plaintiff alleges that "actors knew of
22  [his] age when they did not select [him] for residency," but he also alleges that the plaintiff "was
23  perceived to be at or over the age of 40 at all times relevant" in the section of the complaint
24  asserting a FEHA claim.[36] This factual inconsistency is troubling: the plaintiff's use of the passive

---

[34] Mot. – ECF No. 8 at 4, 10, 12; Reply – ECF No. 15 at 11.
[35] Compl. – ECF No. 1 (¶ 48).
[36] *Id.* (¶¶ 70, 78).

ORDER – No. 21-cv-09605-LB                     15

voice obscures the identity of those who perceived him to be at least 40 years old as does his use of the ambiguous and undefined term "actors." *HP Debt Exch. LLC v. Wells Fargo Bank N.A.*, No. C-13-04717 EDL, 2014 WL 12600279, at *5 (N.D. Cal. June 4, 2014) ("Although Plaintiff may plead alternative legal theories, the assertion of inconsistent facts is troubling."). Nonetheless, because the applicable standard obligates the court to construe the alleged facts in the light most favorable to the plaintiff at this stage, these inconsistent allegations do not warrant dismissing the claim for age discrimination.

The court does not reach the plaintiff's alternative theory — that he has a FEHA claim even if the defendant's purported employees or agents did not perceive him to be at least 40 years old because he would have turned 40 during his residency — because he plausibly pleads an age-discrimination claim.

### 2.3 Harassment Claim

The harassment claim also is predicated on the plaintiff's perceived age. The defendant's argument — that there is no basis for an age-related harassment claim because "the Complaint contains no allegations as to a general perception that Plaintiff is 40 years of age or above (other than one comment which he immediately corrected)" — fails for the reasons discussed above.[37] The defendant also argues that, "even if Plaintiff was perceived to be over 40 year [sic] of age, he does not allege severe or pervasive conduct *that is not time-barred*."[38] The court denies the motion to dismiss this claim. As discussed above, the court cannot conclude that the statute of limitations bars the claim. The plaintiff otherwise plausibly pleads a claim.

To state a claim for harassment under the FEHA, the plaintiff must allege that (1) he is a member of a protected group, (2) he was subjected to harassment for belonging to the group, and (3) the "alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am.*, 704 F.3d 1235, 1244 (9th Cir. 2013) (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 129–30 (1999)). The harassment must be a "concerted pattern . . . of a

---

[37] Mot. – ECF No. 8 at 12.

[38] Reply – ECF No. 15 at 12.

repeated, routine or a generalized nature." *Id.* "Isolated incidents that do not exist in a concerted pattern can also fulfill the 'severe or pervasive' prong, but only if such isolated incidents consist of 'a physical assault or the threat thereof.'" *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703–04 (N.D. Cal. 2014) (cleaned up).

Concerning the defendant's claim that none of the alleged conduct is sufficiently severe or pervasive, the allegations, while thin, are sufficient to plausibly establish a harassment claim. The plaintiff alleged that a course director called him "old as shit" in front of a group of students and that another doctor suggested that he would be ready for the "nursing home" after medical residency.[39] Courts have found that similar conduct is sufficient at the pleading stage. For example, in *U.S. E.E.O.C. v. Univ. Coll. of Chapman Univ.*, the court found that "humiliating treatment at weekly staff meetings" and comments that the plaintiff was "too old to relate to students" were sufficient to "set forth plausible claims for retaliation, harassment, and constructive discharge" under the Age Discrimination in Employment Act of 1967 using the severe or pervasive standard. No. C 11-04845 LB, 2012 WL 1831523, at *4 (N.D. Cal. May 18, 2012); *c.f. Bender*, 2010 WL 2528528, at *6 (holding that three comments that did not "directly refer to plaintiff's race or age . . . do[] not establish a 'concerted pattern of harassment of a repeated, routine or generalized nature.'") (citing *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th at 131).

### 3. Motion to Strike

The defendant asked the court to strike the following paragraphs from the complaint: (1) "Plaintiff is also part of a protected class because he sought education, training, and employment for a fixed term of 4–7 years during which Plaintiff would have reached his 40th birthday"; and (2) "This is a case of first impression, brought as a good-faith extension of existing law. No case has, on information and belief, been brought under the FEHA wherein a Plaintiff under the age of 40 has sought education, training, and employment for a fixed period of time during which

---

[39] Compl. – ECF No. 1 (¶¶ 32, 48).

Plaintiff will reach their 40th birthday."⁴⁰ The defendant claims that these statements are immaterial and impertinent.⁴¹

There is nothing immaterial or impertinent about these statements. Under Rule 12(f), immaterial means that the statement "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent means that it does "not pertain to and are not necessary to the issues in question." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (cleaned up). The statements that the defendant asks the court to strike are incorrect — in the defendant's view — legal arguments that relate to the plaintiff's age-discrimination claim. Rule 12(f) does not require the court to strike such statements. *Quatela v. Stryker Corp.*, 820 F. Supp. 2d 1045, 1050 (N.D. Cal. 2010) ("[T]he mere presence in the complaint of erroneous legal conclusions does not rise to the level of material that is 'redundant, immaterial, impertinent, or scandalous' such that it must be stricken under Rule 12(f).").

## CONCLUSION

The court dismisses the plaintiff's claim under the federal Age Discrimination Act and otherwise denies the motion to dismiss and the motion to strike. The plaintiff may file an amended complaint within 21 days from the date of this order. This disposes of ECF No. 8.

**IT IS SO ORDERED.**

Dated: March 20, 2022

LAUREL BEELER
United States Magistrate Judge

---

⁴⁰ Mot. – ECF No. 8 at 11 (citing Compl. – ECF No. 1 (¶¶ 79–80).
⁴¹ *Id.* at 11; Reply – ECF No. 15 at 15.