MICHAEL D. BRUNO (SBN 166805)
mbruno@grsm.com
RACHEL WINTTERLE (SBN 269853)
rwintterle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900

Attorneys for Defendant,
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. 3:21-CV-09605-LB<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO PROCEED UNDER HIS REAL NAME; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>**[Fed. R. Civ. P. 10(a), 17(a)]**<br><br>*[Filed concurrently Declaration of Rachel Wintterle and [Proposed] Order]*<br><br>Date: May 17, 2022<br>Time: 9:30 a.m.<br>Courtroom: B<br>Judge: Hon. Laurel Beeler |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 17, 2022, at 9:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, Defendant The Regents of the University of California will and hereby do move the Court for an order requiring Plaintiff John Doe to prosecute this action in the name of the real party in interest (i.e., Joe Doe's real name), pursuant to Federal Rules of Civil Procedure 10(a) and 17(a).

Good cause exists to grant this motion because Plaintiff's Complaint fails to demonstrate either that Plaintiff will be harmed by proceeding under his real name or that there are "special circumstances" in which his "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Doe v. UNUM Life Ins. Co. of Am.*, 164 F.Supp.3d 1140, 1144 (N.D. Cal. 2016). Specifically, Plaintiff brings routine claims for discrimination and harassment. It is the rare circumstance in which such claims are permitted to proceed anonymously. "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140, 1143 (N.D. Cal. 2016) (internal citations omitted). This holds true in a variety of instances, including cases of sexual harassment, a type of harassment arguably more damaging that what is alleged here. In this case, there is no threat of future harm, nor allegations of future harm, if Plaintiff is required to proceed under his real name. Balanced against the public's interest in open proceedings, the scales tip in favor of requiring the Plaintiff to proceed under his real name.

///
///
///
///
///
///
///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

i
DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO PROCEED UNDER HIS REAL NAME [FED. R. CIV. P. 10(A), 17(A)]
Case No. 3:21-CV-09605-LB

This motion is based upon this Notice of Motion and Motion, accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such argument of counsel and other matters as may be presented to the Court at the time of this hearing.

Dated: April 8, 2022

               GORDON REES SCULLY MANSUKHANI, LLP

           By: */s/ Rachel Wintterle*
              Michael D. Bruno
              Rachel Wintterle
              Attorneys for Defendant
              THE REGENTS OF THE
              UNIVERSITY OF CALIFORNIA

ii

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO PROCEED UNDER HIS REAL NAME [FED. R. CIV. P. 10(A), 17(A)]
Case No. 3:21-CV-09605-LB

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF THE ISSUES PURSUANT TO LOCAL RULE 7-4 ........................... 2

III. STATEMENT OF FACTS ................................................................................................... 2

    A. Allegations From the Complaint ................................................................................ 2

    B. The Residency Match Process .................................................................................... 2

IV. LEGAL STANDARD ........................................................................................................... 3

V. ARGUMENT ......................................................................................................................... 4

    (1) The severity of the threatened harm ........................................................... 4

    (2) The reasonableness of the anonymous party's fears .................................. 6

    (3) The anonymous party's vulnerability to such retaliation ........................... 6

    (4) The prejudice to the opposing party ........................................................... 7

    (5) The public interest ....................................................................................... 7

VI. CONCLUSION ..................................................................................................................... 8

iii

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO PROCEED UNDER HIS REAL NAME [FED. R. CIV. P. 10(A), 17(A)]
Case No. 3:21-CV-09605-LB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
    596 F.3d 1036 (9th Cir. 2010) ....................................................................................... 3, 4, 5, 7

*Doe v. UNUM Life Insurance Company of America*,
    164 F.Supp.3d 1140 (N.D. Cal. 2016) ........................................................................... 3, 5, 7, 8

*Rives v. SUNY Downstate College of Medicine*,
    2020 WL 4481641 (E.D. NY 2020) ................................................................................ 4, 5, 6

**Rules**

Federal Rules of Civil Procedure
    Rule 10 ........................................................................................................................................ 3

Federal Rules of Civil Procedure
    Rule 17 ........................................................................................................................................ 3

Local Rules
    Rule 7-4 ...................................................................................................................................... 2

iv

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REQUIRE PLAINTIFF TO PROCEED UNDER HIS REAL NAME [FED. R. CIV. P. 10(A), 17(A)]
Case No. 3:21-CV-09605-LB

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It is a well-established precept of American jurisprudence that courts and the public have an interest in open proceedings, and this case should be no different. Plaintiff John Doe filed his Complaint anonymously, without a single allegation as to the need for him to proceed under a pseudonym or any allegations of future harm, and without a motion seeking leave of Court to proceed pseudonymously. According to the allegations in the Complaint, Plaintiff is a male under 40 years old who holds a Ph.D. [from MIT] and graduated from the University of California, San Francisco ("UCSF") School of Medicine[1] ("SOM"). He alleges that he failed to "match" with every residency program to which he applied in 2020 and 2021, including UCSF's residency program(s). Plaintiff made a third attempt at matching in 2022, which was successful. It is The Regents' understanding that Plaintiff matched with at least one residency program, though not with any residency program at UCSF.

Plaintiff filed his Complaint in December 2021, prior to Match Day 2022, and FAC on April 7, 2022, after Match Day 2022. While the Complaint does not explain why Plaintiff filed as a "John Doe," it was presumably to avoid other match participants learning of the lawsuit. However, now that Match Day 2022 has passed and Plaintiff has matched with at least one program, there is no reason he should be permitted to continue prosecuting this action anonymously. Indeed, all of Plaintiff's allegations pertain to past events, some of which allegedly took place years ago. The Complaint contains no allegations of ongoing wrongdoing nor are there allegations of a threat of future harm. But even if such a threat existed—which it does not—Plaintiff still would need to demonstrate that his fear of future harm was reasonable, which he cannot do, especially now that he has matched. As the Complaint indicates, Plaintiff applied for and was rejected from numerous residency programs in 2020 and 2021. Those application cycles are done and the decisions made, and Plaintiff has graduated from the SOM

---

[1] The Regents determined Plaintiff graduated from the University of California, San Francisco School of Medicine because the Complaint was served on the SOM, and it is the only medical school in the Northern District of California that is within the University of California system.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and moved on. In all respects, Plaintiff's allegations do not point to any risk of harm or privacy interest that creates a special circumstance that tips the scale in favor of anonymous proceedings and against the public's interest in open court proceedings. Therefore, the Court should order Plaintiff to prosecute this action in his own name, including refiling his Complaint under his own name and not in the name "John Doe."

## II.  STATEMENT OF THE ISSUES PURSUANT TO LOCAL RULE 7-4

1. Should Plaintiff, who filed his Complaint as a "John Doe," be required to proceed under his real name?

## III.  STATEMENT OF FACTS

### A.  Allegations From the Complaint

Plaintiff is currently 38 years old. (Complaint ¶ 6.) Plaintiff alleges that he was a medical student who applied to residency programs in 2019, 2020, and 2021. (Complaint ¶ 6, 29.) He did not match with any of the [84 residency programs in 2020 and 198 residency programs in 2021] across the nation to which he applied in any year.[2] (Complaint ¶ 56.) Plaintiff alleges that he did not match with a residency program because of his age or perceived age and/or disability, and that his failure to match was the result of discrimination and harassment. (Complaint ¶¶ 14, 35, 37, 38, 40, 41, 43, 50, 58, 79, 103.) Plaintiff does not allege any threat of ongoing or future harm necessitating use of a pseudonym. (*See generally* Complaint.) By his Complaint, Plaintiff seeks entry into a residency program that rejected him twice. (Complaint, Prayer for Relief, at 2.)

### B.  The Residency Match Process

Most graduating medical school students participate in the National Resident Matching Program ("NRMP") prior to graduation. The NRPM independently serves to match applicants with residency training programs. Declaration of Rachel Wintterle at ¶ 2. According to the NRMP, in 2021, 89.4% of U.S. medical school graduates matched. *Id*. at ¶ 3, Exhibit 1.

The purpose of the NRMP process is to provide an even playing field in which every applicant follows the same process of applying to programs, interviewing if invited by a

---

[2] The allegations in the Complaint focus on 2020 and 2021.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

residency program, and submitting a ranking list (a list on which each student ranks their preferred residency programs by order of priority). *Id*. at ¶ 4. For their part, faculty who oversee residency programs review applications, interview candidates, and submit a ranking of their preferred applicants. NRPM then filters the students' and programs' rankings through NRMP's algorithm, with the goal of matching prospective residents with residency programs. *Id*. at ¶ 5. Results are provided to applicants and residency programs at the same time, on the aptly named "Match Day." *Id*. at ¶ 6. If an applicant does not match in the first round, they have the option of participating in the Supplemental Offer and Acceptance Program ("SOAP") for open residency spots. *Id*. at ¶ 7. Plaintiff participated in SOAP in at least 2021. (Complaint at ¶ 56.)

Plaintiff participated in the 2022 match process. It is The Regents understanding that Plaintiff matched with at least one program during this cycle.

## IV.   LEGAL STANDARD

The Federal Rules of Civil Procedure require the caption to include the names of all the parties. Fed. R. Civ. P. 10(a). "An action must be prosecuted in the name of the real party in interest." *Id*. Rule 17(1). The Ninth Circuit has established a five factor test to be used to "determine whether to allow a party to proceed anonymously…(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140, 1143 (N.D. Cal. 2016) (internal citations omitted). Plaintiffs should only be permitted to proceed under a pseudonym under "special circumstances" in which the plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1144. Indeed, a "pseudonym should only be permitted occasionally and in 'unusual' cases." *Id*. at 1445.

## V. ARGUMENT

To determine whether to permit a plaintiff to proceed anonymously, courts look to the Ninth Circuit's five factor test: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Doe v. Kamehameha Sch.*, 596 F.3d at 1042. As shown below, Plaintiff has not and cannot demonstrate any reasonable threat of harm or retaliation that outweighs the public's interest in open proceedings. This is especially so now that Plaintiff has matched with at least one residency program.

### (1) The severity of the threatened harm

The Complaint contains no allegations of any threatened or potential harm if Plaintiff does not proceed anonymously. Plaintiff was a medical student at the SOM who failed to "match" with any residency program in 2020 or 2021. (Complaint ¶ 6, 29, 56.) He alleges that this failure was the result of discrimination and harassment and not because he wasn't the best candidate. (*See generally*, Complaint.) Indeed, the tenor of the Complaint is such that Plaintiff can hardly conceive that there might have been better candidates. (*See, e.g.*, Complaint ¶¶ 15-17, 21, 23.) Now, with this lawsuit, Plaintiff seeks to litigate his way into a position at UCSF that he could not obtain on his own merits. What the Complaint does not mention are the *dozens upon dozens* of programs—84 residency programs in 2020 and 198 residency programs in 2021—that, like UCSF, rejected Plaintiff. Each of these programs had the same application packet containing the same information as UCSF did. As such, the information contained in the Complaint related to Plaintiff's age and disability is already know to almost 300 hundred residency programs, and in any case, is not so confidential as to warrant anonymity. Furthermore, now that Plaintiff has matched with at least one residency program, any purported threat of potential or future harm has passed.

In *Rives v. SUNY Downstate College of Medicine*, the plaintiff sought to proceed anonymously in a case alleging sexual harassment on the grounds that "he would be harmed in his future application to residency programs because his name would be 'publicly associated

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with litigation against a medical school.'" *Rives v. SUNY Downstate College of Medicine*, 2020 WL 4481641 at *1 (E.D. NY 2020). The court declined his request to proceed anonymously, stating: "plaintiff has not provided support for his contention that residency programs would retaliate against him for filing even a meritorious lawsuit based on sexual harassment and disability discrimination." *Id.* at *3. Likewise, in *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, the Ninth Circuit declined to allow the student plaintiffs to proceed anonymously, finding the District Court had not abuse its discretion in concluding that the plaintiffs' fears of harm, including physical harm, stemming from statements made on online were unreasonable. *Doe*, 596 F.3d 1036 at 1045. In *Doe v. UNUM Life Insurance Company of America*, the plaintiff, a former partner in a law firm, sought to proceed anonymously to protect his confidential medical information which related to his disability. The court denied his request, stating "[w]hile I sympathize with plaintiff's desire to keep his identity private, I would fail my obligation to the public to keep an open court if I let him do so." *Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140 at 1142. In reaching its decision, the court analyzed plaintiff's privacy interests, noting that situations in which plaintiffs in this circuit were allowed to proceed anonymously "involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity. *Id.* at 1145 (internal citations omitted).

In this case, none of those situations apply. The Complaint contains no allegations of any threat of future harm of any type, let alone harm rising to the level necessary to warrant use of a pseudonym. Plaintiff has already graduated and was already rejected from a host of residency programs in 2020 and 2021, and in 2022, Plaintiff successfully matched. Therefore, there is no risk of retaliation or future harm. And for the sake of argument, if Plaintiff could state a claim— which he cannot—the public has an interest in the outcome of these proceeding. Therefore, this factor weighs in favors of requiring Plaintiff to litigation this action under his real name.

### (2) The reasonableness of the anonymous party's fears

The Complaint sheds no light on the reasonableness of Plaintiff's fears or even what his concern is with proceeding under his real name. The residency programs he applied to in 2020 and 2021 already know the information contained in the Complaint related to his age and disability, and he has graduated from the SOM, so this lawsuit can have no impact on his grades or otherwise. All alleged events took place in the past and given the fact Plaintiff has now match with at least one residency program, any future harm that could have been alleged but was not is negated.

While it is true that parties may wish to keep their name of out of the public record for a variety of reasons—none of which are articulated in the Complaint—there is no privacy interest at stake here and certainly not one that rises to the level of proceeding pseudonymously. Plaintiff makes no allegations of ongoing or future harm or retaliation. But even if he had, these are not circumstances warranting anonymity. Indeed, in *Rives*, when the plaintiff thought that his lawsuit might impact future residency applications—something not alleged here—the court was not persuaded that residency programs would retaliated against that plaintiff for bringing his lawsuit. *Rives*, 2020 WL 4481641 at *1. Moreover, even if Plaintiff might have been able to state a case for proceeding as a "John Doe" at the time of filing, those circumstances have changed with Plaintiff's recent residency match. Because the Complaint contains no allegations of harm or the reasonableness of Plaintiff's fear in proceeding under his real name, this factor militates in favor of Plaintiff being required to proceed under his real name.

### (3) The anonymous party's vulnerability to such retaliation

As stated above, Plaintiff has already graduated from the SOM, was already rejected from a host of residency programs in 2020 and 2021, and admitted to at least one residency program through the 2022 match. According to the allegations in the Complaint, all events took place in the past, and the Complaint articulates no risk of retaliation, because there is none. Finally, Plaintiff has no ongoing association with or relationship to UCSF or the SOM. This factor also weighs in favor of requiring Plaintiff to litigate this action under his real name.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**(4)     The prejudice to the opposing party**

The Regents and the public's right to know trump Plaintiff's nonexistent concerns—this is not hyperbole because the Complaint contains no allegations of threatened harm—with proceeding in his real name. On the other hand, The Regents will be prejudiced if Plaintiff's name is withheld because it has a right to confront its accuser, as does any defendant in a civil action. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Further, The Regents needs to fully investigate Plaintiff's claims in order to defend against this specious lawsuit and it efforts will be hamstrung without knowledge of Plaintiff's identity or ability to raise it with non-parties. It will also be difficult to challenge Plaintiff's credibility, if the need should arise. Furthermore, when this matter reaches a jury, Plaintiff's use of a pseudonym may prejudice the jury against The Regents as the jurors may interpret the use of a pseudonym as an effort on Plaintiff's part to avoid on ongoing or future harm or retaliation (that was never alleged). If Plaintiff is permitted to proceed anonymously, Plaintiff may attempt to sidestep enforcement of an Order or judgment in The Regents' favor because the order or judgment will not be directed to him but rather to "John Doe." Therefore, Plaintiff should be required to proceed under his own name.

**(5)     The public interest.**

The public has an interest in open proceedings and the outcome of matters in which a plaintiff seeks to vindicate rights allegedly violated at a public institution. The public also has a common law right to "access judicial proceedings." *Doe v. UNUM Life Insurance Company of America*, 164 F.Supp.3d 1140 at 1146. While Plaintiff may be embarrassed to admit that he did not match with any residency program, that stigma is no greater than that faced by other plaintiffs in other disability cases. *Id.* Indeed, it is even less so in this case, because Plaintiff admits that he disclosed his disability in his residency application packet [that went to almost 300 programs]. (Complaint ¶ 55.) Plaintiff has also matched with a residency program through the 2022 match cycle. Further, if there is some systemic problem at the SOM—which there is not—as Plaintiff claims in his prayer for relief in which he is seeking an injunction against a

"pattern and practice of discrimination" and other ills, then the public certainly has an interest in the findings of this Court. It is well established in this circuit that plaintiffs should only be permitted to proceed under a pseudonym under "special circumstances" in which the plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1144. Indeed, a "pseudonym should only be permitted occasionally and in 'unusual' cases." *Id.* at 1445. This is not an unusual case warranting special treatment. In all respects, the public's interest in this case outweighs any amorphous harm to Plaintiff, and he should be required to litigation this action under his real name.

Therefore, applying the test laid out by the Ninth Circuit, for the foregoing reasons, the Court should order Plaintiff to refile his Complaint under his real name and not as a "John Doe."

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff has no reasonable basis to proceed anonymously and should be ordered to refile his Complaint under his real name.

Dated:  April 8, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/ Rachel Wintterle*
       Michael D. Bruno
       Rachel Wintterle
       Attorneys for Defendant
       REGENTS OF THE UNIVERSITY OF CALIFORNIA

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE