MICHAEL D. BRUNO  (SBN 166805)
mbruno@grsm.com
RACHEL WINTTERLE (SBN 269853)
rwintterle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 986-5900

Attorneys for Defendant,
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. JORDAN SPATZ, M.D., Ph.D., <br><br> Plaintiff, <br><br> vs. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No.  3:21-CV-09605-LB <br><br> **DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST CAUSE OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT [Fed. R. Civ. P. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [*File concurrently with Proposed Order*] <br><br> Date:  June 9, 2022 <br> Time:  9:30 a.m. <br> Courtroom: B <br> Judge: Hon. Laurel Beeler |

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on June 9, 2022 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendant The Regents of the University of California ("The Regents") will and hereby does move the Court for a Motion to Dismiss the first cause of action in Plaintiff Jordan Spatz, M.D., Ph.D.'s First Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Regents moves on the following grounds:

1. The Age Discrimination Act of 1975 ("Age Act") requires a Plaintiff to exhaust administrative remedies by filing a complaint within 180 days from the date he first became aware of the discrimination. 42 U.S.C. § 6104 (f). The Complaint alleges that Plaintiff filed an administrative complaint on March 25, 2021. As such, any conduct that occurred prior to September 26, 2020 (180 days before March 25, 2021) is time-barred.

2. To the extent Plaintiff alleges conduct that occurred after September 26, 2020—and there are only two such allegations—those allegations are conclusory, unwarranted deductions of fact, and therefore fail to plausibly state a claim upon which relief may be granted.

This motion is based upon this Notice of Motion and Motion, accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such argument of counsel and other matters as may be presented to the Court at the time of the hearing.

Dated: April 29, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Rachel Wintterle*
Michael D. Bruno
Rachel Wintterle
Attorneys for Defendant
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S
NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST CAUSE OF ACTION IN
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-09605-LB

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. LOCAL RULE 7-4 STATEMENT OF THE ISSUES ....................................................... 1

III. FACTUAL BACKGROUND ............................................................................................. 2

    A. Procedural Background ........................................................................................... 2

    B. Plaintiff's Background from the FAC ..................................................................... 2

IV. LEGAL STANDARD ......................................................................................................... 3

    A. Federal Rule of Civil Procedure 12(b)(6) ............................................................... 3

V. ARGUMENT ...................................................................................................................... 3

    A. The Court Should Dismiss the First Cause of Action With Prejudice For Failure to Exhaust Administrative Remedies. ........................................................ 3

        1. Exhaustion of Administrative Remedies Is a Necessary Prerequisite to Filing a Claim for Violation of the Age Act. ...................... 4

        2. The FAC Does Not Allege the Department of Health and Human Services Extended the 180-Day Filing Deadline for Good Cause .............. 5

        3. The Majority of the Age-Related Conduct Alleged in the FAC Occurred More than 180 Days Before Plaintiff Filed His Complaint with HHS or is Insufficient to State a Claim. .......................... 6

VI. CONCLUSION ................................................................................................................... 7

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*,
    459 U.S. 519 (1983) ............................................................................................................... 3

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1999) ............................................................................................. 3, 7

*Beliveau v. Caras*,
    873 F.Supp. 1393 (C.D. Cal. 1995) ...................................................................................... 3

*Grant v. Alperovich*,
    No. C12–1045RSL, 2013 WL 6512985 (W.D. Wash. Dec. 12, 2013) ................................. 4

*In re Delorean Motor Co.*,
    991 F.2d 1236 (6th Cir. 1993) ........................................................................................... 3, 7

*Kamps v. Baylor University*,
    CIV. NO. SA-13-CA-929-OLG, 2013 WL 12100452 (W.D. Tex Oct. 30, 2013) ................ 5

*Strujan v. Teachers College Columbia University*,
    No. 08 Civ. 9589 (WHP)(HBP), 2010 WL 3466301 (S.D.N.Y. Aug. 11, 2010) ............... 4, 6

*Woodford v. Ngo*,
    548 U.S. 81 (2006) ............................................................................................................ 4, 6

**Rules**

Local Rules
    Rule 7-4 .................................................................................................................................. 1

**Treatises**

45 Code of Federal Regulations
    Section 91.42 ................................................................................................................ 1, 4, 6

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ii

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S
NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST CAUSE OF ACTION IN
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-09605-LB

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION**

With his First Amended Complaint, Plaintiff Jordan Spatz, M.D., Ph.D. seeks to cure defects present in his original complaint related to the first cause of action for violation of the Age Discrimination Act of 1975 ("Age Act"). In its order on The Regents of the University of California's first motion to dismiss, the Court provided Plaintiff an opportunity to amend his complaint to allege administrative exhaustion in light of the fact that all but two of Plaintiff's age-related allegations occurred more than 180 days prior to the filing of his complaint with U.S. Department of Health and Human Services ("HHS"). While the FAC alleges that HHS did not "exclude" any conduct from its investigation, the FAC also fails to allege that HHS found "good cause" to extend the 180-day filing deadline pursuant to 45 C.F.R. § 91.42(a). In other words, Plaintiff does not allege that HHS found the "good cause" *required* to extended the deadline. Rather, Plaintiff *offers unsupported inferences and conclusory assertions* that HHS extended the deadline and investigated items outside of the 180-day window. No authority is or can be cited that giving notice that it would begin an investigation is tantamount to finding all facts alleged were eligible.  Plaintiff's conjecture is not equal to, nor takes the place of, HHS's finding "good cause" and thereafter extending the Age Act's deadlines. Absent allegations that HHS followed the strictures of the statute and *actually extended that deadline* in the manner prescribed, Plaintiff has failed to exhaust his administrative remedies.

Moreover, the FAC does nothing to cure the defects in the two non-time barred age-related allegations, and they remain conclusory, unwarranted deductions of fact insufficient to state a claim upon which relief may be granted. Therefore, for the reasons set forth herein and in the Motion, the motion to dismiss the first case of action should be granted and the first cause of action dismissed with prejudice.

II.     **LOCAL RULE 7-4 STATEMENT OF THE ISSUES**

1.      Whether the First Cause of Action for violation of the Age Discrimination Act of 1975 should be dismissed with prejudice for failure to exhausted administrative remedies.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2. Whether the First Cause of Action for violation of the Age Discrimination Act of 1975 should be dismissed with prejudice for failure to state a claim.

### III. FACTUAL BACKGROUND

#### A. Procedural Background

Plaintiff filed his original complaint on December 13, 2021. (Docket # 1.) On January 28, 2022, The Regents filed a motion to dismiss the first, second, and fourth causes of action or, in the alternative, strike. (Docket # 8.) The Court heard the motion on February 17, 2022, and on March 20, 2022, the Court issued an Order Granting in Part and Denying in Part Motion to Dismiss (the "March 20 Order"). (Docket # 21.) The March 20 Order granted the motion to dismiss the first cause of action for violation of the Age Act without prejudice, giving Plaintiff an opportunity to amend to allege exhaustion of administrative remedies. (*Id.*)

On April 7, 2022, Plaintiff filed a First Amended Complaint ("FAC") using the pseudonym John Doe. (Docket # 23.) On April 8, 2022, The Regents filed a motion to require Plaintiff to proceed under his real name. (Docket # 25.) On April 21, 2022, the parties entered into a stipulation whereby Plaintiff would file an amended complaint under his real name and, after the amended first amended complaint was filed in Plaintiff's real name, The Regents would withdraw its motion. (Docket # 28.) The stipulation also provided additional time for The Regents to respond to the FAC due to a medical emergency. (*Id.*) The Court entered the stipulation on April 25, 2022. (Docket # 30.) On April 27, 2022, Plaintiff filed his FAC in his real name. (Docket # 31.) On April 29, 2022, The Regents withdrew their motion to require Plaintiff to proceed under his real name. (Docket # 32.)

#### B. Plaintiff's Background from the FAC

At the time he filed this complaint, Plaintiff was 38 years old. (Complaint ¶ 6.) Plaintiff alleges that he was a UCSF medical student who applied to residency programs in 2019, 2020, and 2021. (FAC ¶ 6, 29.) He did not match with any of the [84 residency programs he applied to in 2019 for residency in 2020 and 198 residency programs he applied to in 2020 for residency in

2021] across the nation to which he applied in any year.[1] (FAC ¶ 56.) Plaintiff alleges that he did not match with a residency program [for residency in 2020 or 2021] because of his age or perceived age and that his failure to match was the result of discrimination and harassment. (*See, e.g.*, FAC ¶¶ 31-32, 35, 36, 37, 40-41, 43, 45-46, 48, 50, 53, 57-59.) Plaintiff also alleges that he has a lifelong learning disability. (FAC ¶ 14.)

## IV. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." A dismissal pursuant to Rule 12(b)(6) is proper where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999). Moreover, although the Court must construe the facts in the light most favorable to the non-moving party, the Court need not accept as true conclusionary allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-96 (C.D. Cal. 1995); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Finally, a court need not assume that a plaintiff can prove facts different from those alleged. *Assoc. Gen. Contractors of Calif. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## V. ARGUMENT

### A. The Court Should Dismiss the First Cause of Action With Prejudice For Failure to Exhaust Administrative Remedies.

The first cause of action alleges discrimination based on age pursuant to the Age Act. In response to the March 20 Order, Plaintiff filed an amended complaint ostensibly alleging exhaustion of administrative remedies. For the reasons discussed below, the FAC fails to

---

[1] The allegations in the FAC focus on 2020 and 2021. It is The Regents understating that on his third attempt at matching, Plaintiff matched with at least one residency program.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

adequately plead exhaustion of administrative remedies and a second attempt at amendment would be futile.

### 1. Exhaustion of Administrative Remedies Is a Necessary Prerequisite to Filing a Claim for Violation of the Age Act.

It is axiomatic that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). In the case of the Age Act, a plaintiff must file a complaint with HHS "within 180 days from the date [the plaintiff] first had knowledge of the alleged act of discrimination." 45 C.F.R. § 91.42(a). However, HHS may extend this time limit "for good cause shown." *Id.* If a plaintiff fails to file an administrative complaint within 180 days of an allegedly discriminatory act, then the plaintiff has failed to administratively exhaust that allegation, and the allegation cannot serve as the basis of a subsequent lawsuit.

For example, in *Grant v. Alperovich*, the court dismissed the plaintiff's complaint because "she failed to file her complaint within the 180 day time limit set by the regulations" and also because she failed meet the notice requirement. No. C12–1045RSL, 2013 WL 6512985, at *6-7 (W.D. Wash. Dec. 12, 2013). Likewise, in *Strujan v. Teachers College Columbia University*—which was cited in the March 20 Order—the court found that "[b]ecause plaintiff did not timely file her complaint with the OCR, she failed to exhaust her administrative remedies." No. 08 Civ. 9589 (WHP)(HBP), 2010 WL 3466301, at *6 (S.D.N.Y. Aug. 11, 2010).

Here, the FAC alleges that Plaintiff filed an administrative complaint with the HHS on March 25, 2021. (FAC ¶ 64.) Due to the 180-day requirement, this means that Plaintiff only met the administrative exhaustion requirement for allegedly discriminatory acts that occurred after September 26, 2020 (180 days before March 25, 2021).

The only way that Plaintiff could circumvent this rule would be for him to allege that HHS had found "good cause" to extend the 180-day requirement. And as the plain language of the Code of Federal Regulations makes clear, only HHS can extend the 180 day deadline, not the Court. 45 C.F.R. § 91.42(a) ("HHS may extend this time limit."); *see also, Kamps v. Baylor*

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

4
DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S
NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST CAUSE OF ACTION IN
PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 3:21-CV-09605-LB

*University,* CIV. NO. SA-13-CA-929-OLG, 2013 WL 12100452, at *5 (W.D. Tex Oct. 30, 2013) ("the applicable language [] accords the OCR, not the Court, the responsibility and discretion to award a waiver of the filing time limit.")

In this case, all but two of Plaintiff's allegations occurred prior to the 180-day filing deadline (and those two allegations fail to state a claim for independent reasons explained below) and there are no allegations that HHS found "good cause" to extend the 180-day deadline.

### 2. The FAC Does Not Allege the Department of Health and Human Services Extended the 180-Day Filing Deadline for Good Cause

The FAC adds various allegations regarding the things Plaintiff complained to HHS about and alleges that following receipt of the complaint, HHS interviewed Plaintiff. (FAC ¶¶ 64-65.) The FAC also alleges that during that interview, HHS:

> [R]eviewed the entirety of Plaintiff's written complaint, including incidents that occurred more than 180 days before Plaintiff filed the complaint with HHS OCR []. Subsequently, the HHS OCR representative notified Plaintiff that based on the complaint and its ongoing nature, HHS would not exclude pre-180- day incidents from its investigation.

(FAC ¶ 65.) The FAC further alleges Plaintiff received a letter from HHS stating it was investigating Plaintiff's claims and "specifically mentioned incidents that occurred more than 180 days before Plaintiff filed the complaint." (FAC ¶ 66.) As a result, the FAC erroneously concludes, Plaintiff exhausted his administrative remedies for all of his allegations—regardless of when they occurred. (*Id.*) This is an unwarranted leap in logic belied by Plaintiff's own allegations.

Plaintiff quite carefully alleges <u>only</u> that HHS "would not exclude" any alleged incident from its investigation. (FAC ¶ 65.) In other words, he does not allege that HHS indeed found the necessary "good cause" to extend the 180-day deadline to file a complaint, much less that HHS actually extended the deadline. (*See* FAC, *generally*.) The fact that HHS OCR is investigating Plaintiff's complaints is not tantamount to HHS making an affirmative finding of good cause to extend the 180-day deadline.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

As discussed above, only HHS can extend the 180-day filing deadline, and it can do so only when it finds "good cause." 45 C.F.R. § 91.42(a). Because there are no allegations that HHS affirmatively extended that deadline, any and all allegations regarding conduct that occurred before September 26, 2020 (180 days prior to Plaintiff filing his complaint on March 25, 2021) are untimely and do not comply with the Department's filing requirements. When a plaintiff has failed to comply with an agency's deadlines, that plaintiff has not exhausted his administrative remedies. *Woodford*, 548 U.S. at 90–91; *Strujan*, 2010 WL 3466301, at *6. Such is the case here.

Further leave to amend would be futile. Upon receipt of the March 20 Order affording clear guidance on what Plaintiff needed to allege—that HHS found "good cause" to extend the 180-day deadline—he failed to do so. Rather, he solely alleges that such conduct was not "exclude[d]" from the investigation. But this is not the same as a finding by HHS that the deadline should be extended, and absent a finding of "good cause," another opportunity to amend will not change anything. Therefore, the first cause of action should be dismissed without leave to amend.

### 3. The Majority of the Age-Related Conduct Alleged in the FAC Occurred More than 180 Days Before Plaintiff Filed His Complaint with HHS or is Insufficient to State a Claim.

The age-related conduct alleged in the FAC falls into two categories: (1) conduct that occurred prior to September 26, 2020, and (2) conduct that is insufficient to state a claim.

*First*, the FAC alleges age related conduct that purportedly occurred in October 2017 (FAC ¶ 31), March 5, 2018 (*id*. ¶ 32), January 9, 2020 (*id*. ¶ 35), January 10, 2020 (*id*. ¶ 36), January 14, 2020 (*id*. ¶ 37), February 6, 2020 (*id*. ¶ 40-41), February 9, 2020 (*id*. ¶ 43), February 14, 2020 (*id*. ¶ 45), February 20, 2020 (*id*. ¶ 46), February 21, 2020 (*id*. ¶ 48), March 17, 2020 (*id*.¶ 50), and "in 2020." (*Id*. ¶ 53.) As described above, these allegations are time-barred.

*Second*, the FAC alleges what Plaintiff describes as two comments expressing age-related stereotypes that supposedly occurred in March 2021.[2] (FAC ¶¶ 57-59.) First, Plaintiff alleges he was informed that, in Dr. Starr's experience training residents, he had "a higher risk of

---

[2] Comments made in 2021 have no relevance to Plaintiff's failure to match in 2020.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

killing a patient than others" and "[his] capacity to work long hours [was] not good enough to be a resident." (*Id.* ¶ 58.) Second, Plaintiff alleges concerns were expressed with his "durability." (*Id.* ¶ 59.) While these allegations are administratively exhausted, these two alleged comments are insufficient to state a claim as neither is age related nor do they plausibly demonstrate a discriminatory animus. Rather, the two alleged comments reflect Plaintiff's skills compared to others, as well as his endurance (which affects any candidate of any age when faced with the rigors of residency training that requires long hours (up to 80 per week)), skills testing, and academic examinations. Moreover, these alleged comments are unsupported by allegations of any witness corroboration of the age-related comments he alleges. The Court need not accept as true conclusionary allegations, unreasonable inferences, or unwarranted deductions of fact. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1999); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). These two allegedly age-related comments from March 2021 are just that - unwarranted deductions of fact and insufficient to state a claim.

## VI.  CONCLUSION

For the reasons set forth herein, and the accompanying Notice of Motion and Motion to Dismiss, Plaintiff's first causes of action should be dismissed for failure to state a claim.

Dated:  April 29, 2022

GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Rachel Wintterle*
Michael D. Bruno
Rachel Wintterle
Attorneys for Defendant
THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

<u>CERTIFICATE OF SERVICE</u>
*Dr. Jordan Spatz, M.D., Ph.D. v. Regents of the University of California, et al.*
USDC ND, Case No. 3:21-cv-09605-LB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the below-mentioned date, I served the within documents:

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST CAUSE OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**PROPOSED ORDER**

[X] ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided . During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

[ ] by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

Dow W. Patten
Gregory M. Saavedra
FORTHRIGHT LAW, P.C.
50 California Street, Suite 1500
San Francisco, California 94111-4612
415-228-6848  Fax: 415-228-6876
**dow@forthrightlaw.com**
**gregory@forthrightlaw.com**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on April 29, 2022 at San Francisco, California.

*/s/ Julie Vernon*
_____
Julie Vernon