1
2
3
4
5
6
7

<div align="center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

</div>

| | |
|---|---|
| DR. JORDAN SPATZ, M.D., PH.D., | Case No. 21-cv-09605-LB |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | Re: ECF No. 33 |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

**INTRODUCTION**

The plaintiff, Jordan Spatz, is a 2021 medical-school graduate who applied to residency programs in 2019 and 2020 but did not obtain a residency placement.[1] The defendant, the Regents of the University of California, operated the medical school.[2] The plaintiff has asserted seven claims for violations of federal and state laws.[3]

The defendant moved to dismiss the plaintiff's claims for age discrimination under the federal Age Discrimination Act of 1975 (the Act) on the ground that the plaintiff failed to properly exhaust

---

[1] First Am. Compl. – ECF No. 31 at 5, 8, 11–13 (¶¶ 20, 34, 49, 55–56). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 3 (¶¶ 7, 10).

[3] *Id*. at 16–26 (¶¶ 67–143).

<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

his administrative remedies as required by the applicable statute and regulations because he waited too long to raise his discrimination claims with the Department of Health and Human Services, Office for Civil Rights (Office for Civil Rights).[45] The defendant primarily relies on the plaintiff's failure to specifically allege that the agency affirmatively granted a good-cause extension of the usual 180-day filing window.[6] The plaintiff, citing his communications with the Office for Civil Rights, argues that the Office for Civil Rights effectively granted a de facto good-cause extension. According to the plaintiff, the agency agreed to consider facts outside of the 180-day window and did not deny the plaintiff's claim for being untimely.[7]

The court denies the motion to dismiss because the plaintiff's allegations plausibly establish that he properly exhausted his administrative remedies.

## STATEMENT

The plaintiff is 38 years old and has suffered from auditory dyslexia since childhood.[8] He graduated from medical school in 2021.[9] He applied for residencies in his preferred areas of specialization in 2019 and 2020.[10] The plaintiff did not match with a residency program during these application cycles and learned of his failures to match on March 16, 2020 and March 15, 2021.[11] He participated in the Supplemental Offer and Acceptance Program, a program for medical students who do not match with residency positions, by applying for 45 positions (the maximum), including all local unfilled surgical positions in 2020 and 2021. Again, he was not selected for any position.[12]

---

[4] Mot. – ECF No. 33 at 5, 10.

[5] *Id.* at 8, 10.

[6] *Id.* at 8.

[7] First Am. Compl. – ECF No. 31 at 15–16 (¶¶ 64–66); Opp'n – ECF No. 35 at 11.

[8] First Am. Compl. – ECF No. 31 at 2, 4 (¶¶ 6, 14).

[9] *Id*. at 4 (¶ 13).

[10] *Id*. at 2, 6, 8, 11, 13 (¶¶ 6, 24, 34, 49, 56).

[11] *Id*. at 11, 13 (¶¶ 49, 56).

[12] *Id.*

United States District Court
Northern District of California

1

2

3      The plaintiff claims that his failure to secure a residency position in 2020 or 2021 (including

4 through the Supplemental Offer and Acceptance Program) was discrimination based on age and

5 disability, as shown by comments by the defendant's employees or agents.[13] For example, in 2018,

6 a course director (Dr. Andre Campbell) said at a third-year orientation that the plaintiff "is old as

7 shit and won't be able to take overnight call."[14] In February, 2020, a physician and associate

8 professor (Dr. Sanjay Dhall) told the plaintiff, "so, when you're done with residency, they can roll

9 you right into the nursing home."[15]

10      With respect to the Age Discrimination Act claim, the plaintiff alleged that he exhausted his

11 administrative remedies by submitting an administrative complaint to the Office for Civil Rights

12 on March 26, 2021 before filing his original complaint on December 13, 2021.[16] The court

13 previously dismissed the plaintiff's claim under the Act based on the plaintiff's failure to

14 adequately plead administrative exhaustion, but granted leave to amend.[17] The plaintiff then filed

15 the operative First Amended Complaint on April 27, 2022.[18]

16      The court held a hearing on the defendant's motion to dismiss on June 16, 2022. The court has

17 federal-question jurisdiction under the Age Discrimination Act of 1975 and supplemental

18 jurisdiction over the plaintiff's state-law claims under 28 U.S.C. § 1367. The parties consented to

19 magistrate-judge jurisdiction under 28 U.S.C. § 636.[19]

20

21

22

23

24                                        **LEGAL STANDARD**

25      A complaint must contain a "short and plain statement of the claim showing that the pleader is

26 entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon

---

[13] *Id*. at 7–14 (¶¶ 31–61).

[14] *Id*. at 7–8 (¶ 32).

[15] *Id*. at 11 (¶ 48).

[16] *Id*. at 16–17 (¶ 66, 72).

[17] Order – ECF No. 21 at 8–9.

[18] First Am. Compl. – ECF No. 31.

[19] Consents – ECF Nos. 12, 13.

United States District Court
Northern District of California

United States District Court
Northern District of California

which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000) (the court must accept as true all factual allegations and all reasonable inferences that may be drawn from the allegations). "[O]nly the *claim* needs to be plausible, and not the facts themselves." *NorthBay*, 838 F. App'x at 234. Also, the court must construe the factual allegations "in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

## ANALYSIS

The defendant asks the court to dismiss the plaintiff's Age Discrimination Act claim for two interrelated reasons. First, the defendant claims that conduct that occurred prior to September 26, 2020 is "time-barred" because the plaintiff filed his administrative complaint with the Office for Civil Rights 180 days after that date.[20] To support this argument, the defendant points out that the plaintiff has not alleged that the Office for Civil Rights affirmatively found good cause to extend

---

[20] Mot. – ECF No. 33 at 2, 8–10.

the 180-day administrative filing deadline.[21] Second, the defendant claims that the post-September 26, 2020 conduct is insufficient to state a claim for age discrimination under the Act.[22]

The plaintiff counters by arguing that (1) the Office for Civil Rights can extend the 180-day deadline for good cause under 45 C.F.R. § 91.42(a) without making any formal declaration memorializing the extension, (2) the Office for Civil Rights effectively found good cause because it reviewed his complaint, referred his claim to mediation, and did not exclude evidence outside the 180-day window, and (3) the allegations that occurred within the 180-day window are sufficient to state a claim under the Act.[23]

### 1. Administrative Exhaustion Under the Age Discrimination Act

The Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Under the Act, no action in court "shall be brought . . . if administrative remedies have not been exhausted." 42 U.S.C. § 6104(e)(2). Administrative exhaustion requires "proper exhaustion of administrative remedies" so that the agency can address the merits of a complaint. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

To establish administrative exhaustion under the Act, a plaintiff must provide notice "to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed" by registered mail at least 30 days prior to the commencement of the court action. *Id.* § 6104(e)(1). The Act, and regulations promulgated under the Act, provide that a claim is exhausted when (1) 180 days have passed since the plaintiff filed the administrative complaint with a federal department or agency or (2) the department or agency denies the claim, whichever occurs first. *Id.* § 6104(f); *see also* 45 C.F.R. § 91.50 (defining

---

[21] *Id.* at 9.

[22] *Id.* at 10–11.

[23] Opp'n – ECF No. 35 at 12–13.

United States District Court
Northern District of California

administrative exhaustion for complaints made to the U.S. Department of Health and Human Services and providing for good-cause extension); 34 C.F.R. § 110.39 (defining administrative exhaustion for complaints made to the U.S. Department of Education and providing for good-cause extension). The court may dismiss Age Discrimination Act claims where the plaintiff has not complied with the administrative-exhaustion requirements. *See, e.g.*, *DMC Closure Aversion Comm. v. Goia*, No. 14-cv-03636-WHO, 2014 WL 4446831, at *11 (N.D. Cal. Aug. 29, 2014).

The applicable regulations also govern the time when administrative complaints should be filed and provide that "[a] complainant shall file a complaint within 180 days from the date the complainant first had knowledge of the alleged act of discrimination." 45 C.F.R. § 91.42(a). The agency may extend this 180-day window for good cause. *Id.* To be clear, it is the agency, not the court, that has authority to extend the 180-day window for good cause. *Kamps v. Baylor Univ.*, No. SA-13-CA-929-OLG, 2013 WL 12100452, at *5 (W.D. Tex. Oct. 30, 2013), *report and recommendation adopted*, No. SA-13-CV-929-OLG, 2013 WL 12100549 (W.D. Tex. Dec. 20, 2013), *aff'd*, 592 F. App'x 282 (5th Cir. 2014); *see also Isaacs v. U.S. Dep't of Educ.*, No. CV 17-11221-FDS, 2018 WL 1257760, at *5 (D. Mass. Mar. 12, 2018) (citing *Kamps*, 2013 WL 12100452, at *5). Courts have dismissed claims where the agency found that the claim was not timely.

For example, in *Grant v. Alperovich*, the court granted the defendant's motion for summary judgment and dismissed an Age Discrimination Act claim for the failure to exhaust administrative remedies. No. C12-1045RSL, 2013 WL 6512985, at *7 (W.D. Wash. Dec. 12, 2013). In that case, the plaintiff (1) did not file the complaint withing 180 days after learning of the discrimination, (2) filed the complaint with the wrong administrative agency, and (3) did not provide 30-days notice before filing the lawsuit as required by the regulations. *Id.* Courts outside of the Ninth Circuit have dismissed claims under the Act for similar reasons.

In *Kamps*, the plaintiff alleged that a law school discriminated against him by denying his admission for the Fall 2010 and Fall 2011 classes. 2013 WL 12100452, at *1–3. The plaintiff agreed that February 17, 2010 — which was the date he found out that he had been placed on the waitlist for the Fall 2010 class — was the date he "first had knowledge of the alleged

1    discrimination." *Id.* at *4. The plaintiff filed his administrative complaint more than a year later on

2    March 9, 2011 after being denied admission a second time for the Fall 2011 class. *Id.* at *5.

3        The Office for Civil Rights initially held that the plaintiff's 2010 and 2011 claims were

4    untimely, but ultimately "determined that his allegations regarding Fall 2011 were timely but his

5    Fall 2010 claims were not." *Id.* at *6. Accordingly, the *Kamps* court held that the plaintiff could

6    maintain his claims for the Fall 2011 admission decision, but not the Fall 2010 admission decision

7    because he failed to properly exhaust the administrative remedies for the 2010 decision. *Id.* In

8    sum, the court simply followed the agency's decision on whether the plaintiff properly exhausted

9    his remedies by timely filing the complaint under the applicable regulations.

10       Similarly, the court in *Strujan v. Teachers College Columbia University* found that the plaintiff

11   failed to exhaust administrative remedies and dismissed an Age Discrimination Act claim where

12   the plaintiff admitted that she did not file the complaint within 180 days of the allegedly

13   discriminatory conduct. No. 08 Civ. 9589(WHP)(HBP), 2010 WL 3466301, at *6–8, *13

14   (S.D.N.Y. Aug. 11, 2010), *report and recommendation adopted*, No. 08 Civ. 9589(WHP)(HBP),

15   2010 WL 3466251 (S.D.N.Y. Sept. 3, 2010). In that case, the plaintiff filed an administrative

16   complaint with the Office for Civil Rights on July 3, 2006 and the most recent conduct cited in the

17   administrative complaint occurred almost a year earlier on August 8, 2005. *Id.* at *3, *7. The

18   Office for Civil Rights denied the claims on ground that they were untimely. *Id.* at *6 n.9.

19       The *Strujan* plaintiff challenged the agency's decision by contending that the defendant's

20   failure to respond to her correspondence was itself discriminatory. *Id.* at *7. The court rejected this

21   argument. *Id.* The court noted that the plaintiff did not argue to the agency that the failure to

22   respond was a separate act of discrimination and held that the agency "properly" rejected the

23   plaintiff's request for an extension of the 180-day window. *Id.* at *7–8. Like the court in *Kamps*,

24   the *Strujan* court followed the agency's decision on whether the claim was timely to determine if

25   the plaintiff had properly exhausted administrative remedies.

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2. **The Plaintiff's Exhaustion of Administrative Remedies**

2

The issue is whether the plaintiff was required to specifically plead that the Office for Civil

3

Rights affirmatively found good cause for an extension to survive a motion to dismiss. There is no

4

such requirement. Thus, the plaintiff's Age Discrimination Act claim is not subject to dismissal

5

for the failure to exhaust administrative remedies.

6

First, the facts in this case are significantly different than those in *Grant*, *Kamps*, and *Strujan*.

7

In those cases, there was no dispute that the plaintiff's claim was, at least in part, untimely. *Grant*,

8

2013 WL 6512985, at *7 ("[T]here is nothing in the record that suggests that Plaintiff has

9

complied with the notice or exhaustion requirements set forth in the statute and implementing

10

regulations . . . ."); *Kamps*, 2013 WL 12100452 at *6 ("[The plaintiff's] request for a waiver as to

11

his Fall 2010 allegations was denied."); *Strujan*, 2010 WL 3466301, at *7 ("[T]he OCR properly

12

denied her complaint as untimely in accordance with the regulations cited above."). Here, on the

13

other hand, the agency apparently did not deny the plaintiff's claim on grounds that it was

14

untimely and instead referred it to mediation.[24]

15

In this respect, the plaintiff's First Amended Complaint includes more detail than his original

16

complaint concerning his communications with the Office for Civil Rights.[25] The additional

17

factual allegations support the plaintiff's claim that the Office for Civil Rights granted a good-

18

cause extension.

19

According to the plaintiff, an agency representative told the plaintiff that "based on the

20

complaint and its ongoing nature, [it] would not exclude" incidents that occurred outside the 180-

21

day window.[26] The Office for Civil Rights also referred the plaintiff's complaint to mediation.[27]

22

While the plaintiff does not allege that the Office for Civil Rights explicitly granted a good-cause

23

extension, the defendant has not identified any regulation requiring the Office for Civil Rights to

24

25

[24] First Am. Compl. – ECF No. 31 at 16–17 (¶¶ 65–66, 70); Opp'n – ECF No. 35 at 13.

26

[25] First Am. Compl. – ECF No. 31 at 15–17 (¶¶ 64–66, 69–70); Blackline First Am. Compl. – ECF No. 27 at 14–17 (¶¶ 64–66, 70–73).

27

[26] First Am. Compl. – ECF No. 31 at 16 (¶ 65).

28

[27] *Id.* at 17 (¶ 70).

make a formal declaration if it finds good cause to extend the 180-day window. Discovery may reveal more about precisely what findings the Office of Civil Rights made, but at this stage, the court must construe the facts in the light most favorable to the plaintiff. *Shwarz*, 234 F.3d at 435. The plaintiff's allegations plausibly establish that he properly exhausted his administrative remedies.

Furthermore, the plaintiff filed his administrative complaint within 180 days of the admission decision received in March 2021.[28] The defendant concedes that the plaintiff exhausted his administrative remedies for claims for conduct that occurred in March 2021.[29] Thus, at a minimum, the plaintiff's claim based on the March 2021 admissions decision is plausible. Even if the Office of Civil Rights did not grant an extension for all allegations that occurred outside the 180-day window, the agency's referral of the claim to mediation suggest that it found that at least some of his claims were timely. For instance, agencies have allowed claims for discrimination in one admissions cycle to proceed under similar circumstances. *See Kamps*, 2013 WL 12100452 at *6 ("Upon [the plaintiff's] request for reconsideration, the OCR determined that his allegations regarding Fall 2011 were timely but his Fall 2010 claims were not.").

In view of the foregoing, the plaintiff has adequately alleged that he properly exhausted his administrative remedies.

### 3. Exclusion of Alleged Pre-September 26, 2020 Facts

The defendant's argument — that the court must exclude facts that predate September 26, 2020 (180 days before the plaintiff filed his administrative complaint) — is not helpful.[30] The defendant has not pointed to any authority establishing that the court should exclude conduct that occurred more than 180 days before the plaintiff filed his administrative complaint when

---

[28] *Id.* at 13, 15–16 (¶¶ 56, 64–66).

[29] Mot. – ECF No. 33 at 10–11.

[30] *Id.* at 8, 10–11.

considering the plausibility of alleged discrimination. There is no support for such a rule in the applicable regulation.

Notwithstanding the availability of a good-cause extension, the regulation merely requires the plaintiff to file "a complaint within 180 days from the date the complainant first had knowledge of the alleged act of discrimination." 45 C.F.R. § 91.42(a). The defendant's proposed rule would exclude evidence of discriminatory intent — even for discriminatory acts that were timely raised with the agency — simply because the evidence occurred more than 180 days before the plaintiff filed a complaint. That is not what § 91.42(a) does. The regulation governs the presumptive filing deadline for administrative complaints, not the scope of evidence that may be used to support a timely claim of discrimination.

Additionally, even if the court considered only discriminatory acts that occurred on or after September 26, 2020, the plaintiff's claim under the Act would survive. For instance, the defendant concedes that the plaintiff exhausted his administrative remedies for certain alleged conduct that occurred in March 2021.[31] In this respect, the plaintiff learned that he failed to match a second time on March 15, 2021.[32] The plaintiff alleges that this decision was discriminatory and raised it with the Office for Civil Rights.[33] This is an adequate predicate for a discrimination claim under the Act. *Kamps*, 2013 WL 12100452, at *6.

In sum, there is no basis to exclude all factual allegations that predate September 26, 2020 when determining whether the plaintiff's claim is plausible and, in any event, the alleged discriminatory acts that occurred after September 26, 2020 are sufficient to support a plausible claim for discrimination under the Act.

---

[31] *Id.* at 11 ("While these allegations [from March 2021] are administratively exhausted . . . .").

[32] First Am. Compl. – ECF No. 31 at 13 (¶ 56).

[33] *Id.* at 15 (¶ 64).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

The court denies the defendant's motion to dismiss the plaintiff's Age Discrimination Act claim. This disposes of ECF No. 33.

**IT IS SO ORDERED.**

Dated: June 21, 2022

_____
LAUREL BEELER
United States Magistrate Judge