Dow W. Patten (135931)
dow@forthrightlaw.com
Gregory M. Saavedra (314915)
gregory@forthrightlaw.com
Forthright Law, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111-4612
Telephone (415) 228-6848
Facsimile (415) 228-6876

Attorneys for Plaintiff, Jordan Spatz, M.D., Ph.D.

Michael D. Bruno (SBN 166805)
mbruno@grsm.com
Rachel Wintterle (SBN 269853)
rwintterle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900

Attorneys for Defendant, THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DR. JORDAN SPATZ, M.D., Ph.D.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No.:　　3:21-CV-09605-LB<br><br>**JOINT STIPULATION FOR PLAINTIFF'S FILING OF HIS FIRST SUPPLEMENTAL COMPLAINT, DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT, DEFENDANT'S FILING OF THEIR FIRST AMENDED ANSWER, AND [PROPOSED] ORDER** |

//

1

## Joint Stipulation

Pursuant to Fed. R. Civ. Proc. 15 subsections (a)(2) and (d), and Local Rules 7-12, Plaintiff Dr. Jordan Spatz, M.D., Ph.D. ("Plaintiff") and Defendant The Regents of the University of California. ("Defendant The Regents" and, together with Plaintiff, the "Parties"), hereby enter in to the following stipulation, through their counsel of record, with reference to the following facts:

1. WHEREAS on July 6, 2022 Plaintiff sent correspondence to Defendant The Regents regarding its Answer to Plaintiff's First Amended Complaint;

2. WHEREAS in response to that correspondence, on July 18, 2022 Counsel for Defendant The Regents stated that they will amend the Answer;

3. WHEREAS on July 22, 2022 Plaintiff sent to Defendant The Regents an additional California Department of Fair Employment and Housing right to sue and a proposed First Supplemental Complaint;

4. WHEREAS on August 3, 2022 Counsel for the Parties agreed to Plaintiff's filing his proposed First Supplemental Complaint and The Regents filing a First Amended Answer on August 17, 2022;

5. WHEREAS on August 3, 2022 Counsel for the Parties agreed that following the filing of Plaintiff's First Supplemental Complaint on August 17, The Regents will have the usual statutory amount of time, to September 7, 2022 (i.e., 21 days), to respond;

6. THEREFORE, IT IS HEREBY STIPULATED by and between the Parties through their respective attorneys of record that Defendant The Regents may file a First Amended Answer, by August 17, 2022;

7. IT IS FURTHER STIPULATED that Plaintiff waives notice and service of Defendant The Regents' First Amended Answer;

8. IT IS FURTHER STIPULATED by and between the Parties through their respective attorneys of record that Plaintiff Dr. Jordan Spatz, M.D., Ph.D. may file his First Supplemental Complaint, a copy of which is attached hereto as

2

Joint Stipulation for Filing of The Regents' Amended Answer and Plaintiff's Supplemental Complaint
*Dr. Spatz v. The Regents, et al.*                                                           Case No.: 3:21-CV-09605-LB

<u>Exhibit A</u>;

9. IT IS FURTHER STIPULATED that Defendant The Regents waives notice and service of Plaintiff's First Supplemental Complaint, and may file an Answer to Plaintiff's First Supplemental Complaint within 21 days of filing.

Pursuant to Local Rule 5-1, the filer of this document attests that concurrence in the filing of the same has been obtained from each of the other signatories.

Dated: August 16, 2022                    FORTHRIGHT LAW, P.C.

                                          By: _____
                                          Dow W. Patten
                                          Gregory M. Saavedra
                                          Attorneys for Plaintiff,
                                          Dr. Jordan Spatz, M.D., Ph.D.


Dated: August 16, 2022                    GORDON REES SCULLY MANSUKHANI, LLP

                                          By:         /s/
                                          Michael D. Bruno
                                          Rachel Wintterle
                                          Attorneys for Defendant,
                                          THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

**~~[PROPOSED]~~ ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 16, 2022

LAUREL BEELER
United States Magistrate Judge

4

Joint Stipulation for Filing of The Regents' Amended Answer and Plaintiff's Supplemental Complaint
*Dr. Spatz v. The Regents, et al.* Case No.: 3:21-CV-09605-LB

# Exhibit A

Dow W. Patten (135931)
dow@forthrightlaw.com
Gregory M. Saavedra (314915)
gregory@forthrightlaw.com
Forthright Law, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111-4612
Telephone (415) 228-6848
Facsimile (415) 228-6876

Attorneys for Plaintiff, Jordan Spatz, M.D., Ph.D.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| Dr. Jordan Spatz, M.D., Ph.D., | Case No.: 3:21-CV-09605-LB |
| Plaintiff, | **EXHIBIT A: PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT FOR RETALIATION** |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 to 10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Dr. Jordan Spatz, M.D., Ph.D. ("Plaintiff") files this First Supplemental Complaint, and complains of the named Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA ("Regents") and DOES 1 through 10, inclusive, (collectively, "Defendants"), and each of them, jointly and severally, and for claims, alleges as follows.

**INTRODUCTION**

1.  In this action, Plaintiff Dr. Jordan Spatz, M.D., Ph.D. ("Plaintiff") complains of the named Defendants Regents of the University of California ("Regents") and Does 1 through 10, inclusive (collectively, "Defendants") for utilizing Plaintiff's age and disability as a determining factor in ranking candidates for residency placement in the field of neurological surgery in violation of the Age Discrimination Act of 1975 ("1975 Act"), 42 U.S.C. §§ 6101 *et seq* and the California Fair Employment and Housing Act (the "FEHA"), Cal. Gov. Code

§§ 12900 *et seq*. Plaintiff also complains of Defendants for materially and negatively impacting his medical school education, ranking for residency, and employment and training opportunity because of complaints submitted by Plaintiff to Regents' faculty and staff and other governmental agencies, constituting discrimination based on age, disability, harassment, and retaliation in violation of the FEHA, failing to prevent discrimination and retaliation in violation of the FEHA, and whistleblower retaliation in violation of California Health & Safety Code section 12878.5. Plaintiff files this First Supplemental Complaint pursuant to Federal Rule of Civil Procedure 15(d) to raise allegations based on events that have occurred since Plaintiff filed his original complaint on December 13, 2021, ECF No. 1, and hereby incorporate by reference the factual and legal allegations in the operative First Amended Complaint, filed April 27, 2022, ECF No. 31.

<u>The Parties</u>

2. Plaintiff Dr. Jordan Spatz is a thirty-eight year-old male with auditory dyslexia who was a medical student of the University of California at San Francisco ("UCSF") School of Medicine ("SOM") and, in 2020 and 2021, applied to residency training at UCSF neurological surgery, UCSF neurology, and UC Davis neurological surgery residency programs.

3. Defendant Regents constitute the governing board for the University of California. Regents is treated as the real party in interest in all legal actions involving the University for all purposes under California law.

4. Regents is an employer within the meaning of the California Fair Employment and Housing Act ("FEHA") because it regularly employs in excess of five employees.

5. On information and belief, at all times herein mentioned, Defendants were and are the recipients of Graduate Medical Education funding issued by the Centers for Medicare and Medicaid Services. On information and belief, on or about June 28, 1993 Regents executed the Assurance of Compliance with the Department of Health and Human Services Regulation under the Age Discrimination Act of 1975. This Assurance of Compliance is an unambiguous waiver of Regents' Eleventh Amendment sovereign immunity pursuant to 42 U.S.C. § 2000d-7.

6. Regents is an arm of the state of California. At all times herein mentioned,

Defendants were and are entities of the State of California, and at all relevant times herein, Plaintiff's educator and prospective employer. Based on information and belief, Defendants are headquartered in the County of Alameda.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1–10, inclusive, and Plaintiff therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein and that Plaintiff's injuries as alleged herein were proximately caused by such aforementioned defendants.

8. Plaintiff is informed and believes, and therefore alleges, that at all times mentioned herein Defendants were the agents, servants, employees and/or joint venturers of the other Defendants and were, as such, at all times mentioned acting within the scope, course and authority of this agency, employment and/or joint venture. Plaintiff is further informed and believes and, therefore alleges, that each of the Defendants consented to, ratified, participated in, or authorized the acts of the remaining defendants. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

**JURISDICTION & VENUE**

9. This Court has federal question jurisdiction over this matter under the Age Discrimination Act of 1975, 42 U.S.C. §§ 6101 *et seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims.

10. Venue is proper in this Court as the unlawful practices complained of occurred in the City and County of San Francisco, pursuant to 42 U.S.C. § 6104(e).

11. This Court has personal jurisdiction over each the unlawful conduct alleged herein occurred within this judicial district.

12. Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

//

3

Exhibit A: Plaintiff's First Supplemental Complaint for Retaliation
*Dr. Jordan Spatz v. The Regents, et al.*                        Case No.: 3:21-CV-09605-LB

## FACTS COMMON TO ALL CLAIMS

<u>Academic Background</u>

13. From June 2018 to June 2019, Plaintiff received a competitive merit award and initiated a year-long inquiry into glioblastoma immunotherapy at the Dr. Manish Aghi Laboratory. The inquiry was funded in part by Plaintiff's merit award.

14. After June 2019, Plaintiff was required to return to clinical rotations to meet the graduation requirements of UCSF. To continue the inquiry into glioblastoma immunotherapy, the Aghi Laboratory brought Alexander Haddad onto the project. Dr. Spatz agreed with Dr. Aghi that adding Mr. Haddad onto the project would not impact Dr. Spatz' status as first-author on resulting publications and/or manuscripts, or Dr. Spatz' inventorship status on patents or other inventions resulting from the inquiry.

15. At the same time, on information and belief, Mr. Haddad was unable to secure funding necessary to continue the inquiry. Dr. Spatz conceptualized funding from third party sources, and assisted Mr. Haddad in drafting and submitting funding requests to ensure the inquiry could continue. Mr. Haddad ultimately secured funding from Tocagen, Inc., which, on information and belief, would not have been secured but for the efforts of Dr. Spatz.

16. As of June 2019, Dr. Spatz had provided to the Aghi Laboratory reagents and plasmids that were essential to progressing the inquiry into glioblastoma immunotherapy. Those reagents and plasmids were ultimately used and cited in patent applications, manuscripts, and publications resulting from the work of Dr. Spatz, Mr. Haddad, and Dr. Aghi at the Aghi Laboratory after June 2018.

17. As a member of the Aghi Laboratory, Dr. Spatz was named in Aghi Laboratory newsletters related to his contributions to the inquiry into glioblastoma immunotherapy. Dr. Spatz was also named for other work, including an inquiry into CD39, for which he established a collaboration with a researcher at Harvard-BIDMC. On information and belief, Dr. Spatz's name and portrait was listed on the Aghi Laboratory website.

18. As a member of the Aghi Laboratory, Dr. Spatz was shared on drafts of manuscripts and publications, even when he was not a first author.

19. On February 9, 2020, Dr. Spatz submitted internal complaints of discrimination based on age and disability with the UCSF Office for the Prevention of Harassment and Discrimination including, *inter alia*, allegations related to Dr. Aghi.

20. Subsequently, Dr. Spatz remained a member of the Aghi Laboratory but did not receive drafts of manuscripts and publications for which he had agreed with Dr. Aghi that he would be named as first author. On information and belief, other members of the Aghi Laboratory, including members who were not first authors, received drafts of manuscripts and publications.

21. As a medical student, Dr. Spatz had access to the Aghi laboratory until May 31, 2021. After this date, members of the Aghi laboratory contacted Dr. Spatz seeking research advice related to the projects initiated by Dr. Spatz.

22. On August 2, 2021, Dr. Spatz contacted Dr. Aghi because he was not included as an author for a manuscript resulting from research for which Dr. Spatz provided foundational knowledge at the Aghi Laboratory.

23. On August 22, 2021, Dr. Spatz proposed a meeting with Dr. Aghi to discuss manuscripts, the timeline for primary and other projects conducted in the Aghi Laboratory since June 2018, along with concerns about intellectual property, patent filing, and disclosures. On August 24, 2021, Dr. Aghi responded negatively though UCSF Counsel, Kate Mente. Subsequent communications were not addressed by Dr. Aghi or Ms. Mente.

24. In late October or early November, 2021, Dr. Spatz submitted an Invention Disclosure form to UCSF Innovation Ventures. On information and belief, this is the preferred method by which UCSF permits inventorship to be challenged.

25. On December 6, 2021, Dr. Spatz was contacted by Anna Du (Manager, Innovation Ventures) regarding the Invention Disclosure. On December 8, 2021, Dr. Spatz was interviewed by Ms. Du regarding the Invention Disclosure. On information and belief, Ms. Du was in the process of contacting and interviewing the other inventors at that time.

26. Dr. Spatz filed the initial complaint initiating this action on December 13, 2021. Dr. Spatz did not include matters relating to inventorship or authorship because a final

determination had not yet been made by UCSF Innovation Ventures.

27. On or about January 13, 2022 (one month after filing the complaint initiating this action), Dr. Spatz visited the Aghi Laboratory website and observed that neither his name nor portrait were present in the "Lab Alumni" section. On information and belief, Dr. Spatz is the only lab member with multiple years in the lab who is not listed in that section.

28. On February 7, 2022, Dr. Spatz contacted Dr. Aghi regarding authorship of a manuscript results from research into CD97. Dr. Spatz conceived the use of the dCAS9-KRAB-MeCP2 Cas/Crispr experiment and cloned the sgRNA CD97 that was utilized for the experiments. Dr. Spatz' experiment, cloned CD97, and resulting plasmid were cited in the manuscript. Dr. Spatz' conceptualizations were the exclusive source of this plasmid citation and the resulting experimental results. Despite these foundational contributions, Dr. Spatz was not included in circulated drafts of the manuscript, or named as an author.

29. On March 9, 2022, Dr. Spatz was interviewed by Matthew Hinsch, a patent attorney who was retained by Regents to conduct an inventorship determination relating to Dr. Spatz' Invention Disclosure. Subsequent to the interview, Dr. Spatz, via his Counsel, submitted a number of supporting documents and communications relating to the Invention Disclosure.

30. On June 24, 2022, Dr. Spatz was contacted directly by Benjamin C. Olsen, MSTC (Senior Manager, Business Development & Licensing, UCSF Innovation Ventures), who shared the conclusion that Dr. Spatz' involvement did not rise to the level of inventorship. This constituted a final determination by UCSF Innovation Ventures related to Dr. Spatz' claim for inventorship.

31. Dr. Spatz has been removed from the Aghi Laboratory website, excluded from authorship of publications and manuscripts, and denied inventorship on patents because of Dr. Spatz' protected activities. These actions have caused, and continue to cause, personal, professional, and reputational harm because they erase Dr. Spatz' contributions to the field of neurological surgery.

//

## SUPPLEMENT TO FIFTH CLAIM

### Retaliation in Violation of the FEHA

(Alleged Against Defendant Regents and Does 1–5)

32. Plaintiff re-alleges, as though fully set forth herein, the factual allegations in paragraphs 1 through 31 set forth above.

33. Under the FEHA, it is unlawful "[f]or any employer...to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h).

34. Plaintiff engaged in protected activity, to wit, making internal and external complaints regarding violations of the 1975 Act, discrimination and harassment in violation of the FEHA, and the filing of his complaint in Federal court.

35. The individuals responsible for the decision-making regarding the Aghi Laboratory website, publication and manuscript attribution, and patent authorship knew of Plaintiff's protected activities.

36. Plaintiff suffered adverse actions as set forth above.

37. The adverse actions occurred in close temporal proximity to Plaintiff's complaints, and to the investigations surrounding those complaints performed by the University's Office for the Prevention of Harassment and Discrimination and the University of California Office of the President.

38. Plaintiff's protected activities were a substantial motivating factor in the decisions to remote Plaintiff's name from the Aghi Laboratory website, exclude Plaintiff from manuscript and publication attribution, and exclude Plaintiff from patent inventorship.

39. As a direct result of the acts and conduct of Defendants as alleged herein, Plaintiff has suffered a loss of earnings and related employment benefits in an amount to be proven at trial herein.

40. As a direct and proximate result of the willful, knowing, retaliation, Plaintiff has suffered depression, mental distress, anguish, and indignation. He is thereby entitled to general

and compensatory damages in an amount to be proven at trial.

41. The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

42. Defendants committed the acts alleged herein by acting knowingly and willfully, with the wrongful and illegal deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, and compensatory damages an attorneys' fees in amounts according to proof at time of trial, in addition to any other remedies and damages allowable by law.

43. As pleaded above, Plaintiff has duly exhausted his administrative remedies.

WHEREFORE, Plaintiff has been damaged and prays judgment as set forth in the Prayer for Relief of the Operative Complaint, which is hereby incorporated by reference.

Dated: August __, 2022                          FORTHRIGHT LAW, P.C.

                     *Exhibit only*
                     Dow. W. Patten
                     Gregory M. Saavedra
                     Attorneys for Plaintiff
                     Dr. Jordan Spatz, M.D., Ph.D.

8

Exhibit A: Plaintiff's First Supplemental Complaint for Retaliation
*Dr. Jordan Spatz v. The Regents, et al.*                          Case No.: 3:21-CV-09605-LB

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all matters so triable.

Dated: August __, 2022                              FORTHRIGHT LAW, P.C.

                                                                                       *Exhibit only*
Dow. W. Patten
Gregory M. Saavedra
Attorneys for Plaintiff
Dr. Jordan Spatz, M.D., Ph.D.

**CERTIFICATE OF SERVICE**

I, Gregory M. Saavedra, hereby certify that, on August 16, 2022, I electronically filed JOINT STIPULATION FOR PLAINTIFF'S FILING OF HIS FIRST SUPPLEMENTAL COMPLAINT, DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL COMPLAINT, DEFENDANT'S FILING OF THEIR FIRST AMENDED ANSWER, AND [PROPOSED] ORDER with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

Executed on August 16, 2022 at San Francisco, California.

_____