**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORDAN SPATZ, M.D., Ph.D., | No.    23-15064 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-09605-LB |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted August 22, 2023**
San Francisco, California

Before:  BUMATAY, KOH, and DESAI, Circuit Judges.

Dr. Jordan Spatz sued the Regents of the University of California ("Regents") under the Age Discrimination Act of 1975 ("ADA"), alleging the University of California at San Francisco ("UCSF") discriminated against him based on his age

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and retaliated against him when it chose not to rank him for a neurosurgery residency. Dr. Spatz moved for a mandatory preliminary injunction ordering the Regents to either place him in a neurosurgery residency or create a new neurosurgery residency position for him. We have jurisdiction under 28 U.S.C. § 1292, and we affirm the district court's denial of the preliminary injunction.

The district court did not abuse its discretion when it determined the law and facts do not clearly favor Dr. Spatz. *Garcia v. Google, Inc.*, 786 F.3d 733, 739 (9th Cir. 2015) (en banc) (where the district court got the law right, we will not reverse "so long as the district court did not clearly err in its factual determinations"). Assuming the ADA applies to his claims,[1] the facts do not clearly favor Dr. Spatz's position that he was not hired based on his age or in retaliation for his complaints rather than his poor clinical performance. *See id.* at 740. Additionally, UCSF would face substantial hardship if forced to expand its neurosurgery residency program, relief can be accorded to Dr. Spatz after resolution on the merits, *see Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979), and the public interest favors

---

[1] The regulations promulgated under the ADA state that the ADA does not apply to "employment practice[s]." *See* 45 C.F.R. § 90.3(b)(2) ("The Age Discrimination Act of 1975 does not apply to . . . [a]ny employment practice of any employer."); 42 U.S.C. § 6103(c); *see also Mayo Found. for Med. Educ. & Rsch. v. United States*, 562 U.S. 44, 60 (2011); *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 363, 366–67 (9th Cir. 1976). However, UCSF did not raise this issue, and the district court did not address it. For these reasons and because it is not necessary to decide this issue to resolve the appeal, we do not reach it.

maintenance of high standards in medical training, *see Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009); *Rodde v. Bonta*, 357 F.3d 988, 999 (9th Cir. 2004).

The district court's conclusion was not therefore "illogical, implausible, or without support in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**AFFIRMED**.